A. F. BEMIS, Appellee, v. GEORGE W. ALLEN, Appellant.

**Forcible Entry and Detainer:** INSTRUCTION: EXCEPTION: VERDICT.
1   An instructio to which no exception is taken on the trial
    stands as the law of the case, and when it relates to an issue
    of fact, the verdict and judgment must stand.

**Evidence:** ADMISSION OF LEASE: Where the issue involves the
2   question whether defendant is in possession of real estate
    under a contract of purchase or a lease, the lease is properly
    admissible in evidence as tending to show that his possession
    is referable thereto.

**Same:** INVALIDITY OF NOTE: EVIDENCE. Where the issue was
3   whether the defendant agreed to pay a certain note in consid-
    eration of the sale to him of t₁e land involved, evidence of
    the invalidity of the note, which defense was waived by him
    in the action, was properly excluded.

**Escrow.** A conditional delivery of a contract to one of the parties
4   thereto does n₋t create an escrow.

*Appeal from Polk District Court.*—HON. S. F. PROUTY,
Judge.

SATURDAY, JANUARY 24, 1903.

ACTION to recover possession of land. Verdict and
judgment for plaintiff, and the defendant appeals.—
*Affirmed.*

*Carr & Parker* and *W. C. Marquis* for appellant.

*L. Kinkead* and *Cummins, Hewitt & Wright* for
appellee.

WEAVER, J.—During the year ending March 1, 1900,
the defendant occupied the land in controversy as the
tenant of plaintiff. On February 5, 1900, a part of the
rent was unpaid; and, in addition to this claim, plaintiff

also held defenda_t's note, based upon other business transactions, to the amount of about $1,285. On the date named the parties signed another agreement of lease for the succeeding year, which lease, with defendant's notes for the agreed rent was deposited with one Miller, who executed and delivered to defendant a receipt˙ or instrument in writing in the following words: "Des Moines, Iowa, 2—5—1900. Rec'd of G. W. Allan lease and two notes of $330.00 for rent of A. F. Bemis' farm, of two hundred and twenty acres, for 1900; and if said G. W. Allan pays A. F. Bemis $4,000.00 on the purchase price of his farm, at fifty-six dollars per acre, and the balance due him, and delivers to A. F. Bemis a mortgage for the whole amount due said A. F. Bemis, including the purchase price of said real estate,—said mortgage to be optional, and bear six per cent. ; ˙payment to be not less than $500 per year, interest,—then said lease and notes are to be returned to G. W. Allan; and if said purchase is not made by March 1st, 1900, then said lease and notes are to be delivered to A. F. Bemis. [Signed] A. M. Miller." (The word "purchase," where it last above appears, is claimed by appellant to be "payment.") Before the expiration of the time named, the plaintiff indorsed upon the paper the following: "I extend the time to March 12th, Tuesday. A. F. Bemis." During the month of February, defendant paid in full the plaintiff's claim for accrued rent. On March 12th, 1900, the parties met, and dispute arose upon the question whether the defendant, as a part of the consideraton for the agreement to sell the land, was to pay or secure the note for $1,285. Plaintiff, claiming that such was the understanding, refused to convey on any other terms; and defendant failing or refusing to comply with this demand, and the extended time limit having expired, Miller delivered the lease and rent notes to the plaintiff. On October 27, 1900, the plaintiff, claiming that the lease

was forfeited by failure to pay an installment of the rent, brought this action, in the nature of a proceeding for forcible entry and detainer. On March 19, 1901, the action being still pending, a supplemental petition was filed, alleging the expiration of the term of lease, and the wrongful holding over by the defendant. Defendant insists that his possession of the land is under a contract of purchase, and alleges that the lease was wrongfully delivered to plaintiff by Miller, and denies that he is a tenant holding over after the termination of his lease.

I.   The trial court instructed the jury in effect, that if the words "and the balance due him," in the paper signed by Miller, were intended and understood by the parties to include the $1,285 note, then defendant's claim to be a purchaser of the land could not be sustained, and plaintiff was entitled to recover, but if defendant, by a preponderance of the evidence, had established his claim that said words had reference alone to plaintiff's unpaid claim for rent, and were not intended to include the $1,285 note, then defendant was entitled to a verdict. No exceptions were taken to these instructions, and they must be accepted as the law of the case. The question thus stated was one of fact, and the testimony of the parties and their witnesses in reference thereto was decidedly conflicting. It follows that the verdict and judgment must stand, unless prejudicial error be found in some of the rulings to which exceptions were taken upon the trial. This conclusion renders unnecessary any discussion of the point made and authorites cited by appellant to the effect that an action of forcible entry and detainer will not lie in this case. There is also no assignment of error under which this proposition can properly be argued or considered.

II.   Complaint is made of the action of the trial court in admitting in evidence the lease under which defendant

*1. INSTUCTION; exception; verdict.*

occupied the land for the year ending March 1, 1900. We

2. EVIDENCE: admission of lease. find no error in this ruling. The nature of the defendant's possession of the land was in controversy. He was claiming to hold under a contract of purchase, while plaintiff contended that he held the property as a mere tenant. The testimony to which objection is made was material and competent, as tending to show that, at the date when defendant claims the contract to purchase was made, his possession was referable to the lease, and thus to cast upon him the burden of establishing a valid subsequent agreement by which the relation of landlord and tenant had ceased, and that of vendor and vendee had been created. *Mahana v. Blunt*, 20 Iowa, 142; *Wilmer v. Farris*, 40 Iowa, 309.

III. The defendant offered testimony tending to prove that, prior to the date of the paper signed by Miller, the $1,285 note had been invalidated by the addition of

3. SAME: invalidity of note; evidence. his wife's signature thereto without his consent, and further offered to show that since said date said note had been adjudged void in an action brought thereon in the district court of Polk county. These offers were refused, and numerous errors are assigned in reference thereto. The ruling was correct. Defendant concedes that he made the note, and does not claim to have paid it. The defense based upon the unauthorized signature of his wife was one which he had a right to waive if he saw fit to do so. The issue presented in this case was not whether the note was valid or enforceable, but whether defendant undertook and promised to pay or secure its payment in consideration of the sale to him of the land; and to admit the offered testimony would open up an issue which is purely collateral, thus obscuring the main question and confusing the jury. Other exceptions are urged to rulings upon matters of evidence, but, after examination of the record, we find no prejudicial error.

IV. It is further said, in support of the appeal, that the lease for the year 1900 was placed in Miller's hands as an escrow, and that he wrongfully delivered it to plaintiff. We think the paper was not, in any just sense of the term, in escrow. De-

4. ESCROW.

fendant alleges that Miller was the agent of plaintiff, and such he doubtless was, and the delivery of the lease to Miller was equivalent to a direct delivery to plaintiff himself. It is true, such delivery was accompanied by a condition that, in the event the proposed sale of the land was consummated, then the lease and rent notes were to be returned to the defendant. A conditional delivery to a party to a contract does not create an escrow. *Worrall v. Munn*, 5 N. Y. 330 (55 Am. Dec. 330); *Deardorff v. Foresman*, 24 Ind. 485. The delivery of the contract and notes was complete when given to plaintiff's agent, and, unless the condition under which they were to be surrendered has arisen plaintiff may enforce his rights thereunder.

The judgment of the district court is AFFIRMED.