SCHOOL DISTRICT TOWNSHIP OF RICHLAND, Appellee, v. ADA HANSON et al., Appellants.

**ADVERSE POSSESSION:** Hostile Character of Possession—School
1  Purposes—Evidence. Where a school district entered into possession of land under a deed providing that it should revert to the grantor when used for other than school purposes, the mere continuance in possession after the land ceased to be used for school purposes was not an assertion of a hostile claim thereto, such as to give title by adverse possession. To constitute such a claim, there must have been notice to the owner of the reversion of the claimed right, or possession so notorious as to raise a presumption of notice.

**LIMITATION OF ACTIONS:** Real Property—Pleading. While it
2  is true that, under Section 4182, Code, 1897, an action for re-

covery of real property should be by ordinary proceedings, yet, upon a ruling on a demurrer to an answer which sets up the statute of limitations, under Section 3447, Code Supp., 1913, it is immaterial that the petition in the suit was filed in equity.

LIMITATION OF ACTIONS: Real Property—Reversion of School Land—Bar of Statute in 10 Years. Where a school district went into possession of land under a deed providing that it should revert to the grantor when used for other than school purposes, the right of the grantor or his successor to bring an action to compel the district to reconvey would, under Section 3447, Code Supp., 1913, be barred within 10 years after the district had ceased to use said land for school purposes, such an action being one for the "recovery of real property," within that statute.

QUIETING TITLE: Actions for Recovery—Proof of Title. One filing a cross-petition for the recovery of real property is required, by Section 4184, Code, 1897, to prove title in herself, and cannot prevail because of some defect in the plaintiff's title.

APPEAL AND ERROR: Harmless Error—Overruling of Demurrer Where Same Question on Merits. The overruling of a demurrer to the answer to a cross-petition, calling for the interpretation of a deed and statute, was without prejudice to the cross-petitioner where, upon a trial on the merits, the court would necessarily have had to construe the deed and statute.

*Appeal from Sac District Court.—E. G. ALBERT, Judge.*

SEPTEMBER 17, 1919.

DEFENDANTS appeal from the judgment of the court below, overruling a demurrer to plaintiff's answer to defendants' cross-petition.—*Affirmed.*

*Malcolm Currie* and *Healy & Faville,* for appellants.

*W. A. Helsell,* for appellee.

STEVENS, J.—I. Plaintiff alleges, in its petition and amendments thereto, that it is a school corporation, organized and existing under the laws of the state of Iowa; that it is in possession of a one-acre lot located in the north-

east corner of the northeast quarter of Section 35, Township 87, Range 38, Sac County, Iowa, which it purchased from John McAfee, who was the owner of the quarter section above described, on July 10, 1883, for $35, as a school-house site. It is further alleged in said petition that plaintiff ceased to use the premises for school purposes on March 1, 1901, and that, since said date, it has been in the open, notorious, continuous, adverse possession thereof, under color of title and claim of right, and, basing its claim thereon, asserts title thereto. Plaintiff further alleges that defendants have torn down the fences upon said premises, and are threatening to otherwise destroy or injure the property situated thereon, and asks that they be restrained from in any way interfering with plaintiff's possession or use thereof, and from injuring said improvements. .

Separate answer was filed by both defendants, and the defendant Hanson also filed a cross-petition, alleging, in substance, that she is the owner of the northeast quarter above described, and of the lot in controversy, and that she has tendered and is ready, able, and willing to pay plaintiff $35, the price paid by plaintiff for said lot, together with the value of the improvements thereon; and asking that such value be determined, and that plaintiff be enjoined from keeping her out of possession, and that its officers be required to formally convey the said tract to her.

Plaintiff, for answer to defendant's cross-petition, admits that she is the owner of the northeast quarter of Section 35, Township 87, Range 38, except the one-acre tract in controversy. In Count 2 of its answer, plaintiff avers that it entered into possession of the disputed tract, July 10, 1883, under the deed above referred to, and thereafter used the same for school purposes until March 1, 1901, when it ceased to use the same therefor; that, since said date, it has continued in possession thereof, claiming to

own the same; that said possession has been open, visible, notorious, and adverse, the said possession "being that its schoolhouse has been located thereon; that it has planted shade trees upon the land; had outbuildings upon and fences around the same; that, during said time of the filing of the petition in this case, this plaintiff used the aforesaid premises for the purpose of holding school elections, and for the meetings of the board of directors of the plaintiff; and that it held said meetings as late as March in the year 1917;" that more than 10 years elapsed after plaintiff ceased to use the premises for school purposes before defendant's cross-petition was filed; and that she is, therefore, barred and estopped by the statute of limitations from having or asserting any right, title, claim, or interest in said property adverse to plaintiff.

In Count 3 of its answer to defendant's cross-petition, it further alleges that cross-petitioner has no interest in said lot; that John McAfee died intestate, seized of an interest therein; and that his heirs, on August 8, 1917, sold and conveyed the same to one Wm. F. Boehler, who makes claim thereto.

To each of the above counts of plaintiff's answer, cross-petitioner interposed an equitable demurrer, which the court overruled. She elected to stand upon her demurrer, and refused to plead further, whereupon the court dismissed the cross-petition and rendered judgment in favor of plaintiff.

As appears from the foregoing statement, both parties claim that plaintiff ceased to use the lot in controversy for school purposes more than two years prior to the filing of defendant's cross-petition. Cross-petitioner claims the right to the property as the alleged owner thereof under Code Section 2816; whereas plaintiff takes the position that this statute applies only to cases in which the school corporation has acquired an interest therein for school

purposes by condemnation proceedings, and that it has no application where title was acquired by deed, although, by the terms thereof, same would revert to the owner immediately when the corporation ceased to use it for school purposes.

Some contention, based upon certain changes in the statute since the McAfee deed conveying the acre lot to plaintiff was executed, is also made by counsel for plaintiff. The conclusion reached herein makes it unnecessary for the court to consider or pass upon these contentions of counsel. The record does not disclose whether defendant's grantor conveyed the northeast quarter of Section 35, Township 87, Range 38, to her without excepting or reserving the disputed lot, but it is contended by counsel for appellee in argument that same was specifically excepted from the conveyance.

The defenses pleaded by plaintiff in its answer to defendant's cross-petition are: (a) Title by adverse possession; (b) the statute of limitations; and (c) that title reverted to McAfee immediately upon the abandonment by plaintiff of the premises for school purposes; that McAfee died intestate, leaving title thereto in his heirs, who have since conveyed the same to a third party; and that defendant, therefore, has no interest in the property.

The court, in a written opinion, sustained each of the defenses pleaded, and overruled the cross-petitioner's demurrer.

That plaintiff entered into possession of the lot under its deed from McAfee is, of course, conceded. This deed contained the following language:

"Know all men by these presents, that, we, John McAfee and Susan McAfee * * * sell and convey unto the said district township of Richland the following described premises * * * containing one

*1. Adverse possession: hostile character of possession: school purposes: evidence.*

acre, so long as said land shall be used for school purposes, but it shall revert to said grantors when used for any other purpose."

Whether this deed would give plaintiff color of title to the lot after it ceased to use the same for school purposes, but continued in the possession thereof under claim that same was adverse, we need not consider, for the reason that it appears from its answer to defendant's cross-petition that plaintiff has never asserted a hostile claim thereto.  Mere continuance in possession is not sufficient.  There must have been notice to the owner of the reversion of the claimed right, or the possession must have been so notorious as to raise a presumption of notice. *McClenahan v. Stevenson,* 118 Iowa 106; *Walsh v. Doran,* 145 Iowa 110, 111. The use of the premises for the purpose of holding school elections was not inconsistent with the right of plaintiff to use the same for school purposes.  In so far as the ruling of the court sustaining the demurrer was based upon plaintiff's claim of title by adverse possession, we think it was erroneous.

But plaintiff also alleged in its answer, as above stated, that more than ten years elapsed after plaintiff ceased to use the premises for school purposes, and after cross-petitioner, if she at any time was the owner thereof, might recover possession under the statute relied upon by her by the payment of the original purchase price, together with the value of the improvements; and that her cause of action is, therefore, barred by the statute of limitations. Actions for the recovery of real property must be brought within ten years after the cause of action accrued.  Section 3447, Code, 1897.

2. LIMITATION OF ACTIONS: real property: pleading.

Cross-petitioner's cause of action accrued when, by paying the original purchase price, together with the value of the improvements thereon, she became entitled to the pos-

session of the tract. If, therefore, the cause of action pleaded in her cross-petition is one for the recovery of real property, the answer stated a good defense. It is true that, by Section 4182 of the Code, actions for the recovery of real property shall be by ordinary proceedings; but this would make no difference in ruling upon a demurrer to an answer setting up the statute of limitations as a defense in an action for the recovery of real property, although the petition was filed in equity. A person entitled to possession of land used for school purposes under the statute may not summarily take possession thereof, but must first return the original purchase price and pay the district the value of the improvements. Cross-petitioner alleged in her petition that, before filing the same, she did this; but this is denied by plaintiff, who also asserts that no steps were taken by her to obtain possession until more than ten years after a cause of action accrued.

3. LIMITATION OF ACTIONS: real property: reversion of school land: bar of statute in 10 years.

The court, in *Tilton v. Bader,* 181 Iowa 473, which was a suit in equity, held that the action was one for the recovery of real property, saying:

"It is suggested that, inasmuch as possession of real property was not prayed, this was not for its recovery. The word 'recovery,' in common parlance, signifies the regaining that which has been lost or missing or taken away; but in a legal sense, it means no more than obtaining by course of law or judicial proceedings."

It follows from the above holding that the cause of action set up in defendant's cross-petition is one for the recovery of real property, and, therefore, the plea of the statute of limitations was a proper one, and, if sustained by the proof, would constitute a good defense.

II. Coming now to the last defense pleaded: Under Section 4184 of the Code, to entitle defendant to recover up-

on her cross-petition, she must prove title in herself, and could not prevail because of some defect in the title of her adversary. Whatever title she may have to the lot in controversy was evidently acquired by conveyance from Mc-Afee or some of his mesne grantees. The matters pleaded in the third count of plaintiff's answer to defendant's cross-petition in effect go no further than to challenge her title to the property. While, of course, it is immaterial what claim Boehler may make under his deed to the property, the allegations of the answer, in effect, assert that whatever title is vested in plaintiff was in McAfee at the time of his death, and passed to his heirs, who are Boehler's grantors.

**4. QUIETING TITLE: actions for recovery: proof of title.**

The contention of counsel for plaintiff at this point is based upon his interpretation of the deed from McAfee and the statute in force at the time it was executed. A copy of the deed was attached to plaintiff's petition, and the count of plaintiff's answer assailed, presented a question of law based upon the construction of the McAfee deed. The ruling of the court upon the demurrer did not affect or alter the rights or situation of plaintiff. In a trial upon the merits, under the issues presented, the court must necessarily construe the McAfee deed, as well as the instruments relied upon by cross-petitioner to prove her title. Thus interpreted, the ruling of the court upon defendant's demurrer to the third count of plaintiff's answer to the cross-petition, even if erroneous, was without prejudice. It follows that the judgment of the court below must be—*Affirmed.*

**5. APPEAL AND ERROR: harmless error: overruling of demurrer where same question on merits.**

LADD, C. J., WEAVER and GAYNOR, JJ., concur.