L. O. SHAFFER, Appellee, v. E. D. MARSHALL et al., Appellants.

MARCH 6, 1928.

REHEARING DENIED JUNE 26, 1928.

*E. D. Marshall, pro se.*

*Lehmann, Seevers & Hurlburt,* for appellee.

EVANS, J.—The defendant's demurrer was predicated upon the failure of the plaintiff to attach an abstract of title to his

petition, as required under Section 12236 of the Code of 1924. Sections 12236 and 12238 of the Code of 1924 are as follows:

"12236. The plaintiff shall attach to his petition, and the defendant to his answer, if he claims title, an abstract of the *title relied on*, showing from and through whom such title was obtained, together with a statement showing the page and book where the same appears of record."

"12238. No written evidence of title shall be introduced on the trial unless it has been sufficiently referred to in such abstract, which, on motion, may be made more specific, or may be amended by the party setting it out."

In support of the judgment below, the appellee urges two grounds: (1) That the ground stated in the demurrer is not a demurrable ground, under Section 11141, Code of 1924; (2) that the plaintiff in his petition set forth his tax deed and the record thereof, and that this constituted the complete title "relied on" by the plaintiff. The sufficiency of the tax deed is in no manner challenged. It was, therefore, presumptive of the regularity of all antecedent procedure. It was, in and of itself, a complete and sufficient proof of title. The antecedent chain of title was in no manner material to the validity of the tax deed. The plaintiff claimed nothing thereunder. He was not required, therefore, to set the same forth. This ground, of itself, is sufficient to sustain the order of the court.

It appears from the record that the trial court received some evidence, and entered judgment as prayed in the petition. The defendant complains of the sufficiency of the evidence. Having refused to plead further, and having elected to stand upon his demurrer, he was in the position of admitting the allegations of the petition. He is in no position to complain of the judgment entered, in so far as it is sustained by the allegations of the petition.

The judgment of the district court is—*Affirmed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.