H. PIERCE WITMER, Appellee, v. JOHN P. PEEBLES et al., Appellants.

No. 45352.

November 12, 1940.

Carl S. Missildine, for appellee.

H. M. Coggeshall, for appellants.

Sager, J.— The tax sale under discussion is the same one as was involved in Flanders v. Inter-Ocean Reinsurance Co., 228 Iowa 926, 292 N. W. 795, and the four other cases referred to in division I of that opinion. For reasons which will presently appear, we do not again discuss the matters dealt with there. Plaintiff acquired title to lot 9 in Hickman Heights in the city of Des Moines by quitclaim deed from Stebbins about January

406

4, 1939. The defendant insurance company acquired the tax deed on March 10, 1939. It claims to be the landlord of its co-defendants Peebles. Following the decision in Witmer v. Polk County, 222 Iowa 1075, 270 N. W. 323, and the later cases dealing with the sale which resulted in the defendant's deed, the legislature passed chapter 251, Acts of the Forty-eighth General Assembly. This became effective April 28, 1939. It provides in part:

"Tax sales legalized. In all instances where a county treasurer heretofore conducted a tax sale at the time provided in section 7259 or section 7262, both of the code, 1935, sales made at such tax sale or any adjournment thereof shall not be held invalid by reason of the failure of the county treasurer to have brought forward the delinquent tax of prior years upon the current tax lists in use by the said county treasurer at the time of conducting the sale, * * * provided the delinquent taxes for which the said real estate was sold had been brought forward upon the current tax list of the year preceding the year in which the said tax sale was conducted." Section 10398.2, 1939 Code.

Appellant asserts that this statute had the effect of vitalizing the deed—whatever it may have lacked before. Appellee's argument does not deny the applicability of this curative act but asserts that such act "cannot apply to deprive appellee of vested right in property acquired prior to passage of the act." No such issue was presented in the court below and it cannot avail now. We said in Martin Bros. Box Co. v. Fritz, 228 Iowa 482, 492, 292 N. W. 143, 147:

"We have held repeatedly that constitutional questions cannot be raised for the first time in this court. * * *" (Citing cases.)

If the effect of this statute is to validate the tax deed, as we hold it is, plaintiff has no title, and judgment should have gone for the defendants.

Plaintiff made no attempt to comply with section 7290, 1939 Code, which provides:

"No person shall be permitted to question the title acquired by a treasurer's deed without first showing that * * * all taxes

due upon the property have been paid by such person, or the person under whom he claims title.''

He seeks to avoid the effect of this statute by the argument that this being an action at law for possession of property, no tender of taxes is necessary. In support of this view he cites cases from foreign jurisdictions. With these we are not concerned because of statutory provisions applicable to the action of right as we have it in this state. In our early decisions we held that equitable issues might not be tried in this sort of an action. We have not so held since the enactment of the statute which now appears as section 11115, 1939 Code. This provides that defendant may set forth in his answer as many causes of defense or counterclaim, whether legal or equitable, as he may have. If it be thought that the defendant did not formally plead the legalizing act, the answer is that he was not required to do so.

Plaintiff, in actions of this kind, must recover on the strength of his own title. The public records would disclose the presence of a tax title by which his rights had been cut off. In Shaffer v. Marshall, 206 Iowa 336, 218 N. W. 292, we held that notwithstanding the statutory requirement that plaintiff must attach an abstract of title to his petition a tax deed was sufficient to obviate that requirement. In that case the validity of the tax deed was not questioned. Here it cannot be because of the legalizing act above cited. We said, 206 Iowa 336, 337, 218 N. W. 292: ''It was, therefore, presumptive of the regularity of all antecedent procedure. It was, in and of itself, a complete and sufficient proof of title.'' See also sections 7288 and 7289, 1939 Code. The statute provides, in actions of this kind, that ''plaintiff must recover on the strength of his own title.'' Section 12232, 1939 Code. The record before us discloses that whatever interests plaintiff may have acquired by his quitclaim deed were cut off by the tax deed validated by the legalizing act. He has no title upon which to base this action.

It follows that the judgment of the trial court was wrong and it should be, and it is, reversed.—Reversed.

MILLER, HALE, BLISS, HAMILTON, and OLIVER, JJ., concur.

STIGER, J., concurs in result.