CLIFFORD HACH, Appellee, v. CARL ANDERSON, Appellant.

No. 47423.

(Reported in 38 N. W. 2d 94)

JUNE 14, 1949.

William Jones, of Maxwell, for appellant.

Hirschburg & Reynolds and Rex B. Gilchrist, all of Ames, for appellee.

WENNERSTRUM, J.—Plaintiff brought suit against the de-

fendant for the unpaid installments claimed to be due on a lost note in the original amount of $800. The defendant denied he ever executed the note referred to in plaintiff's petition and also denied it had ever been lost, claiming that plaintiff never held such a note. The jury returned a verdict in favor of the plaintiff for the sum of the accrued installments due in the amount of $575. Judgment was thereafter entered against the defendant. He has appealed.

It is alleged in the appellee's petition, as amended, as follows: That a note for $800, payable to appellee, was executed in Cambridge, Iowa, on May 30, 1946, and delivered to Ralph Hach, a brother of the appellee, on that date, that the note provided for payments of $25 to be made on the first day of each month commencing with July 1, 1946, and that the note was subsequently lost following its execution.

The evidence discloses that appellee's brother forwarded the note to the appellee then residing in New Jersey. It was also shown by the evidence that on receipt of the note the appellee placed it in a box in a desk in his home and that thereafter this box and the desk were sent to appellee's mother-in-law for storage. Appellee's wife later communicated with her mother and directed that this note be obtained from the box and desk and forwarded to the appellee and his wife, then residing in Ames. It is shown by the testimony of appellee's wife and another witness that the note was received by the wife at the same time a package was delivered and that the note was seen by these witnesses. It was evidently lost on the date of its receipt by appellee's wife and it is asserted by the appellee, and supported by evidence, that it was burned along with papers that were wrapped around the package received the same day.

I. It is the claim of the appellant that the trial court erred in overruling a motion to require the appellant to file an indemnity bond. The suit in question was commenced on February 27, 1948, and the motion in question was filed on March 17, 1948. Appellant's answer was filed on April 3. Thereafter on May 21 the appellant filed an answer to an amended and substituted petition which previously had been filed and therein specifically denied that he ever made, executed or delivered to the appellee a

promissory note for $800 or for any amount. It was also denied that appellee had ever lost or destroyed the note sued on for the reason that appellee had never held such a note.

The trial court in ruling on the motion for an indemnity bond held that the purpose of the statute, to which reference will be hereinafter made, was to protect the signer of a lost instrument in case a judgment should thereafter be rendered against him but that it is declaratory only and not mandatory. It further held that at the time of the presentation of the motion no answer had been filed and the court had no way of knowing what the appellant's defense might be. It further stated that it might be denied that the note was lost, that it had ever been executed and that it might be pleaded that the note whether lost or not had been paid. The court also held that if the appellant was successful in these possible defenses there would be no necessity of a bond but if a judgment was obtained an indemnity bond could and would be required as a condition to the entering of a judgment.

Section 541.200, 1946 Code, is as follows:

"When an action is brought on a lost note, bond, bill of exchange, draft, certificate of deposit, or other evidence of indebtedness, upon demand of any defendant therein, a good and sufficient bond shall be given to indemnify and save harmless the defendants in said cause."

We are of the opinion that the court was justified in overruling the motion at the time submitted. The statute does not specify when an indemnifying bond shall be given in case an action is brought on a lost note or that such bond is a prerequisite to the bringing of such an action. It properly can be a condition to the entry of a judgment obtained on a lost note. Burrows v. Goodhue, 1 (Greene) Iowa 48, 54. In 54 C. J. S., Lost Instruments, section 21, page 825, it is stated:

"* * * it is sufficient that the indemnity be given at any time prior to the entry of a decree for the amount involved, or it may be made a condition of the right to an execution. It has also been held that the fact that the bond was not given until after the verdict and judgment does not warrant a reversal of the case pro-

vided it was given before a disposition of a motion for a new trial."

For further comments relative to the time when an indemnity bond shall be given or tendered see 34 Am. Jur., Lost Papers and Records, section 48, page 618.

Inasmuch as the statute does not specify when the indemnifying bond shall be furnished there are other reasons why the bond should not be a requirement precedent to the right to maintain or commence a suit on a lost note. Under certain pleaded allegations or defenses a bond is not required. Since the appellant denied the execution of the note claimed to be lost we cannot see how he can consistently ask that an indemnifying bond be required. Such was the implied holding in Shalla v. Shalla, 237 Iowa 752, 762, 763, 23 N.W. 2d 814.

Under all the circumstances it is our conclusion that the trial court was not in error in its ruling. No question is raised on this appeal as to the sufficiency and character of the indemnifying bond filed subsequent to the jury verdict and prior to the filing of the judgment entry. No prejudice resulted to appellant because of the time of the filing of the bond.

II. The appellant contends that the trial court committed error in its refusal to sustain his motion for a directed verdict at the close of appellee's evidence and also at the close of the appellant's evidence, it being claimed there was not a proper showing made which entitled appellee to rely upon secondary evidence to substantiate his pleadings. In other words it appears to be his contention that there is insufficient evidence to show the execution of the instrument and the nature of it. We do not deem it necessary to here review the evidence in detail. It is sufficient to state, however, that it was shown by the testimony of the appellee's brother that a note was given by appellant and he observed that the appellant signed it. There is further testimony that on the date it is claimed the note was signed it was exhibited to individuals who accompanied appellee's brother to Cambridge, Iowa. Other witnesses testified that a note was seen by them, which bore the name of the appellant. None of these witnesses testified it was his signature. There is further testimony on the part of the appellee that he received the note in question, that he

was acquainted with the handwriting of the appellant and that the signature on the note sent to him by his brother was the signature of the appellant. We are convinced that the trial court was justified in submitting the issue as to the execution of the note to the jury.

III. The appellant claims he was prejudiced because the court was partial to the appellee and he was thereby prevented from having a fair and impartial trial. Under this division of his brief he seeks to have reviewed the instructions given. It is claimed that appellant's counsel was not given sufficient time to object to the proposed instructions. This claim is not substantiated by the record. It appears that the court in compliance with the provisions of Rule 196, Rules of Civil Procedure, submitted his proposed instructions to interested counsel. The record shows, as noted in the court's ruling on the motion for a new trial, that in the preparation of the instructions, the court incorporated a statement desired by appellant's counsel, although the suggestion was not submitted in the form of a requested instruction. The claimed errors cannot be reviewed on the record as presented by appellant's counsel.

We have not discussed all the matters appellant has argued. They have been considered and found without merit. Appellee's motion to dismiss is overruled.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.