OLIVER WADE NICHOLS, appellee, v. JACOB KIRCHNER et al.,
appellants.

No. 47552.

(Reported in 40 N.W. 2d 13)

DECEMBER 13, 1949.

Kirchner & Kirchner, of Fort Dodge, for appellants.

Loth & Melton, of Fort Dodge, for appellee.

GARFIELD, J.—This is a dispute over the boundary line at the rear of plaintiff's vacant lot in Fort Dodge. Each party claims ownership of a strip 14 by 62⅓ feet, the width of the lot. We infer the area in question is near one end of the business district of the city.

In 1878 one Brockschink, then owner, made a deed to Oliver Nichols of property, therein described substantially as: West ⅓ of Lot 2, Block 18, Morrison and Duncombe's Addition to Fort Dodge, otherwise described as commencing at the northwest corner of said Lot 2, thence south 140 feet, thence east 62⅓ feet, thence north 140 feet, thence west 62⅓ feet to place of beginning. Plaintiff, Oliver W. Nichols, son of the grantee, inherited the property in 1891.

In 1893 Brockschink, who owned the rest of said Block 18, made a deed to Jacob Kirchner, Sr., of property therein described substantially as: Lot 1, the East ⅔ of Lot 2, Lots 3 and 4, Block 18, in Morrison and Duncombe's Addition to Fort Dodge. The deed recites "Also conveys all of Lot 2 not conveyed to Oliver Nichols * * *." When Kirchner, Sr., died in 1909 his widow and three sons, defendants herein, inherited the Kirchner property. First Avenue South runs east and west along the north side of Lots 2 and 3. On the other three sides plaintiff's lot is surrounded by defendants' property.

A three-room house stood on the Nichols parcel until it was torn down about 1926. It was the family home until about 1891 when plaintiff left Fort Dodge. Since 1900 he has lived in Denver. From about 1897 to 1937 the Kirchner home was on the northeast corner of Lot 2. No building stood between the Kirchner home and the Nichols house until 1922 when defendants built a brick cycle shop facing north on First Avenue South immediately east of plaintiff's east line and built another building 8 feet

south of the cycle shop. Each of these buildings is 20 feet wide by 50 feet deep.

A brick sidewalk runs along the south side of First Avenue South on the north of plaintiff's and defendants' properties. There is an east-west fence 126 feet south of the front of the cycle shop and of what also appears to be plaintiff's north line. The fence is 62⅓ feet long, the width of plaintiff's lot east and west. It does not extend beyond plaintiff's parcel. Defendants contend this is a division fence which marks plaintiff's south boundary and that they own what is south of the fence. Along the south side of this disputed 14-foot strip is a private drive which resembles an alley. It goes west to South Twelfth Street and east to South Thirteenth Street, on either side of Block 18.

Since plaintiff's house was dismantled about 1926 his lot has been vacant for the most part. At times it was used for a garden and some building materials may have been placed there from time to time. Part of an old coalbin protrudes over plaintiff's west line about 15 feet north of the east-and-west fence. Defendants have done some gardening on the 14 feet in controversy. They and their tenants have occasionally stored building materials and trash there. One tenant dumped ashes there. Since about 1936 an old boiler of defendants has been stored continuously on the west part of the 14 feet. In 1937 defendants moved an old metal garage, 12 by 20 feet, from south of the drive and set it on bricks on the east part of the 14 feet.

In 1947 plaintiff was back in Fort Dodge for the first time in ten years and contracted to sell his property. When the purchaser learned that defendants claimed to own the south 14 feet of what he thought he was buying he declined to complete his purchase. Plaintiff says this is the first he learned of defendants' claim. Plaintiff then brought this action under chapter 646, Code, 1946, for recovery of the area in dispute and damages for withholding it. Defendants pleaded ownership of the 14 feet by acquiescence and also adverse possession. There was a jury verdict and judgment for plaintiff although damages were not allowed. Defendants have appealed.

Incidentally, the action for which chapter 646 provides is frequently called an action of right and is similar to the common-law ejectment. Larson v. Baker, 235 Iowa 200, 203, 16 N.W.

2d 262, 264; Jensen v. Nolte, 233 Iowa 636, 638, 10 N.W. 2d 47, 48; Hinman v. Sage, 213 Iowa 1320, 1322, 241 N.W. 406.

I. We find no merit in defendants' contention they were entitled to a directed verdict on the ground plaintiff failed to establish his case by adequate proof. Of course, plaintiff must recover on the strength of his own title. Code section 646.3; Witmer v. Peebles, 229 Iowa 404, 407, 294 N.W. 563; School District Twp. v. Hanson, 186 Iowa 1314, 1321, 173 N.W. 873. It is equally clear that in considering this assigned error the evidence must be taken in the light most favorable to plaintiff.

Defendants' principal argument under this assignment seems to be that the evidence is insufficient to show the disputed strip falls within the description in the deed to plaintiff's father in 1878. In other words, it is said plaintiff has not located the property covered by his "paper title" to include the actual 14 feet in controversy.

It clearly appears, the jury could find, that the east-west fence is 126 feet south of plaintiff's north line. There is evidence it is 126 feet south of two stakes along First Avenue South that the city engineer testifies fix plaintiff's north line. As stated, the fence is 126 feet south of the front of defendants' cycle shop along plaintiff's east boundary. There is evidence the fence is 126 feet south of the inside of the sidewalk along the south side of First Avenue South in front of plaintiff's lot. The fence marks the north line of the 14 feet in controversy.

It is 140 feet south from what appears to be plaintiff's north line to the north side of the private drive above referred to. Plaintiff holds title to a parcel which extends 140 feet south of his north line. There is no controversy as to the width of his property nor its boundary on the east or west.

It is unnecessary to mention other evidence that the 14 feet in question are within the description found in plaintiff's "paper title."

It is contended plaintiff cannot recover without proof that the east-west fence has been moved north from its original location and it is said plaintiff admits, as a witness, it has always been in the same place. Plaintiff's testimony as a whole, in the light most favorable to him, is not to be so construed. Nor is it

so conflicting that a verdict should have been directed against him.

The probate inventory and list of heirs signed by plaintiff as administrator of the estate of his mother, from whom he claims to have inherited his property, describes the "E ⅓ of Lot 2, Blk 18, M and D's Add to Fort Dodge, Ia" rather than the West ⅓ of said Lot 2 which plaintiff's father acquired by his deed from Brockschink. This is not fatal to plaintiff's case. The conclusion is warranted there is a mere clerical error in the inventory. In any event, plaintiff did not acquire his title through the inventory but under the statutes of descent upon the death of his mother. Reichard v. Chicago, B. & Q. R. Co., 231 Iowa 563, 579, 1 N.W. 2d 721, 731, and citations; Mensinger v. Hass, 240 Iowa 71, 77, 35 N.W. 2d 461, 464.

II. Defendants contend they were entitled to a directed verdict on the ground it conclusively appears they own the 14 feet by adverse possession and plaintiff's action is barred by the statute of limitations. The claim of adverse possession for the statutory period is an affirmative defense all the elements of which defendants must establish by a preponderance of the evidence. Paul v. Mead, 234 Iowa 1, 9, 11 N.W. 2d 706, 711; Harris v. Brown, 184 Iowa 1288, 1294, 169 N.W. 664; 2 C. J. S., Adverse Possession, section 214a; 1 Am. Jur., Adverse Possession, section 237.

Several of our recent opinions say that in the absence of an admission by his adversary it is not often the party who has the burden on an issue establishes his claim as a matter of law. Roth v. Headlee, 238 Iowa 1340, 1343, 29 N.W. 2d 923, 924, and citation; Casey v. Hansen, 238 Iowa 62, 70, 26 N.W. 2d 50, 55, and citations.

While title by adverse possession is a legal title in fee simple, the doctrine is to be taken strictly. There are usually no equities in favor of one who claims property of another by adverse possession and his acts are to be strictly construed. The law presumes the possession of land is under the regular title. Roberts v. Walker, 238 Iowa 1330, 1335, 30 N.W. 2d 314, 317, and citations. See also Harris v. Brown, supra, 184 Iowa 1288, 1294, 169 N.W. 664; Litchfield v. Sewell, 97 Iowa 247, 250, 66 N.W. 104.

To establish ownership by adverse possession defendants were required to show hostile, actual, open, exclusive and continuous possession, under claim of right or color of title for at least ten years. Creel v. Hammans, 234 Iowa 532, 535, 13 N.W. 2d 305, 307, and citations; Paul v. Mead, supra, 234 Iowa 1, 9, 11 N.W. 2d 706, 711; Harris v. Brown, supra, last above; Jahnke v. Seydel, 178 Iowa 363, 368, 159 N.W. 986. We are clear that defendants did not conclusively establish all the necessary elements of their claim of adverse possession.

It cannot be said defendants proved as a matter of law that such possession as they had of the 14 feet was, for the statutory period, hostile to plaintiff rather than merely permissive or under a mistaken belief as to the true location of plaintiff's south boundary. Nor was it so proven that defendants' possession was open or notorious. Nor does it conclusively appear that defendants' occupancy was under a good faith claim of right or color of title. Defendants do not argue that Mr. Kirchner, Sr., the original grantee (whose deed excepted the parcel previously conveyed to Nichols), had color of title but contend that upon his death they acquired by descent color of title or at least claim of right. Without passing upon this contention, which seems to find support in Hamilton v. Wright, 30 Iowa 480, it was for the jury to say whether defendants' occupancy was *under a good faith* claim of right or color of title.

III. We think defendants' most serious complaint, if they were entitled to urge it, is over the trial court's failure to submit to the jury their defense of adverse possession. Defendants' motion for directed verdict upon this issue was overruled and we have upheld the ruling in Division II hereof. There was submitted to the jury defendants' claim of title by acquiescence. The verdict was, of course, against defendants on such issue. The doctrine of acquiescence in a boundary is to be distinguished from a claim to property based upon adverse possession. Thompson v. Schappert, 229 Iowa 360, 363, 294 N.W. 580; Swim v. Langland, 234 Iowa 46, 49, 11 N.W. 2d 713, 715; Roberts v. Walker, 238 Iowa 1330, 1339, 30 N.W. 2d 314, 319.

As plaintiff insists, defendants are not entitled to urge here the trial court's failure to instruct the jury upon the defense of adverse possession because no objection or exception to such failure was taken in the trial court in the manner provided

by rule 196, R. C. P. The instructions were duly submitted to defendants' counsel pursuant to this rule. They properly excepted to two instructions upon entirely different grounds from the one now urged here.

Rule 196 provides: "* * * before the instructions are read to the jury * * * all objections to giving *or failing to give* any instruction must be made in writing or dictated into the record * * * specifying the matter objected to and on what grounds. *No other grounds or objections shall be asserted thereafter, or considered on appeal.*" (Italics added.)

We have upheld rule 196 in Taylor v. Kral, 238 Iowa 1018, 1030, 29 N.W. 2d 241, 247, and Eggermont v. Central Surety & Ins. Corp., 238 Iowa 28, 33, 24 N.W. 2d 809, 811. See also Hach v. Anderson, 240 Iowa 792, 796, 38 N.W. 2d 94, 96; Freeby v. Town of Sibley, 183 Iowa 827, 167 N.W. 770; Joyner v. Interurban R. Co., 172 Iowa 727, 731, 154 N.W. 936. The Freeby and Joyner cases arose under a statute quite similar to rule 196.

The complaint defendants now make is directed solely against the court's instructions. The claimed error is not found elsewhere. We need not cite authority for the proposition that instructions to which no exceptions are taken stand as the law of the case and are not subject to review here. See, however, In re Estate of Stevens, 223 Iowa 369, 371, 272 N.W. 426; Bemis v. Allen, 119 Iowa 160, 162, 93 N.W. 50; Smouse v. Iowa State Trav. Men's Assn., 118 Iowa 436, 439, 92 N.W. 53.

IV. One of the two exceptions taken to the instructions is argued—that paragraph 1 of instruction 4 assumes plaintiff had located the particular 140 feet called for in his "paper title" to include the disputed strip. It is sufficient to say the instruction is not open to defendants' criticism that it assumes the truth of a disputed fact.

V. Defendants' remaining complaint is against the sustaining of plaintiff's objection to a question asked on cross-examination of plaintiff's witness Boeke, city engineer. On direct examination Boeke testified he had made a plat of Lot 2 that was put in evidence. On cross-examination he was asked several questions concerning the plat which he admitted was actually made by his assistant. He was then asked if he had not made lines and set stakes for buildings and sidewalks in Block 17 abutting on

Second Avenue South one block south of the plaintiff's north line in Block 18. Defendants' counsel stated he wanted to show the disparity between the original records and where the witness set the lines in this same addition. Plaintiff's objection of immaterial and not cross-examination was sustained.

We are clear the ruling does not constitute reversible error. Of course, the right of cross-examination is a valuable one and usually a rather broad latitude is permitted. See Pickerell v. Griffith, 238 Iowa 1151, 1163, 1164, 29 N.W. 2d 588, 595, and citations. However, the conduct of the trial and the scope of cross-examination are largely within the trial court's discretion, especially as to matters of a collateral nature of little materiality. Korf v. Fleming, 239 Iowa 501, 512, 32 N.W. 2d 85, 92, 3 A. L. R. 2d 270, and citations. Here the question called for just such a matter.

If the claimed discrepancy in Block 17 did in fact exist it is not apparent that it could have more than remote bearing upon the issues. If the attempt was to show the plat of Lot 2 is inaccurate because of the claimed discrepancy in the block to the south, it was proper to sustain the objection. Abuse of discretion does not appear.

Upon consideration of the entire case the judgment is— Affirmed.

All Justices concur.