HANS GRIEBEL, appellee, v. N. G. GRIEBEL, appellant.

No. 47933.

(Reported in 50 N.W.2d 15)

1230

NOVEMBER 13, 1951.

Ray A. Potter and France & France, all of Tipton, for appellant.

Walter F. Rismiller, of Tipton, and X. C. Nady, of Manning, for appellee.

WENNERSTRUM, J.—Plaintiff sought recovery from the defendant, his son, on a claimed lost or unaccounted-for note in the amount of $3500, dated February ...., 1939 and due March 1, 1944. The defendant denied the execution of the note. Certain concessions relative to payments were made by the plaintiff during the trial. The jury returned a verdict in favor of the plaintiff for the amount of the note and interest, and judgment was entered thereon less the conceded payments made. Defendant has appealed.

The appellee's petition alleged the execution by appellant and delivery to appellee of a note in the amount of $3500 during the month of February 1939 and due five years from date with interest at five per cent per annum until due and eight per cent thereafter. There was attached what appellee believed to be a copy of said note, it being alleged that he was, at that time, unable to furnish an exact copy of it inasmuch as it was then in the possession of the appellant. It was further alleged that at the suggestion of the appellant the note was delivered to him along with other

papers for safekeeping in his bank lockbox and at a time when the appellee was making an extended visit at his son's home; that he induced appellee to deliver possession of said note to him without consideration and that appellee relied upon appellant's representations that the note was to be placed in his bank box for safekeeping; and that the appellee relied upon appellant's promise that the note and other papers would be returned to him upon demand. It was further alleged by the appellee that he had made demand upon appellant for the possession of said note and for the payment thereof but refusal had been made; that said note less certain credits is appellee's property and that it is unpaid and that the same has not been transferred, sold or hypothecated.

The appellant, by an amended and substituted answer and a subsequent amendment to answer, denied the several allegations of the appellee's petition. He particularly alleged that the note owed by him to the appellee had been paid in full, together with all interest, and that nothing remains due. It is further alleged that in February 1938 he was indebted to the appellee in the sum of $2550 and that thereafter between said dates and the year 1948 he paid the appellee the full amount of said note with interest. In a reply to the amendment to the substituted answer the appellee denied that the note had been paid in full. He admitted that in February 1938 the appellant was indebted to him in the sum of $2550 by virtue of a note for that amount and stated that this note was incorporated in and made a part of the note now sued on and that said indebtedness is now included in appellee's claim. He specifically denies the same has been paid in full.

There were only two witnesses. The appellee, Hans Griebel, testified in his own behalf and the appellant, N. G. Griebel, testified in support of his contentions. These witnesses gave evidence, in the main, in keeping with their pleadings. However, some of the statements made are contradictory to their respective claims. Our study of the record has convinced us that there was sufficient evidence to justify the trial court submitting the case to the jury.

The appellee testified that in 1939 his son gave him a note for $3500; that he kept it in his own bank box until he brought it in 1947 to the county of the residence of the appellant; that he

handed it to his son but it was never returned although appellee had made demand for it; that the son had said that his father would never see it again. The appellee stated he was living in his son's home when he gave him the note; that the son was going to give him a new note; that he asked his son if he would keep the note in his bank box for safekeeping, and appellant said he would. On cross-examination the appellee testified concerning certain payments.

The appellant testified that he never, at any time, gave his father a note for $3500 on or about February 1939 or at any other time. He does admit that in 1938 he gave his father a note for $2550, which was the last note he gave him, and in 1946 it was renewed. He identified certain checks which he stated were paid on the note of $2550. He testified that his father had made no claim that there was a note for $3500 and the first he knew of such claim was when the present suit was filed. He also testified that his father at no time gave him a note signed by the appellant in the principal sum of $3500 which he was to put in his bank deposit box. On cross-examination the appellant testified that when he moved away from South Dakota, where his father formerly lived, he owed his father $2550; that he did not sign any other note for him and that all the payments as evidenced by the checks were forwarded to his father for the purpose of making payment on this note; that it was renewed in June 1946; and that the endorsements written on this note were payments on the obligation represented by it. Appellant did, however, identify and admit the execution of a note for $2000 dated February 21, 1939.

On rebuttal the appellee testified that the note for $2550 referred to in the appellant's testimony was put into the $3500 note; that the credits shown on the $2550 note were made on it because he had' that note in his possession and that there were no credits on the note of $3500.

At the close of the appellee's testimony and again at the close of all the testimony, there were motions for a directed verdict wherein it was contended that there was no competent evidence in the record to establish that there was a note of $3500 ever given by the appellant to the appellee; that the testimony shows that the only note claimed by appellee was the $2550 note and upon

which he had made credits of payments between the dates of 1939 and 1946 and that there was no testimony in the record that any payments were ever made upon a note of $3500 as claimed by the appellee; that the testimony on the whole shows that the only note given by the appellant to the appellee was a note in the amount of $2550 and that appellant made payments on it and that there is not sufficient competent evidence in the record to establish a lost note and the terms thereof. These motions were overruled.

In appellant's motion to set aside the verdict and for new trial it was alleged that the verdict was contrary to the evidence and to the instructions and that the testimony of the appellee showed payments were made after February 1939 which were credited upon a note for $2550 and which note was retained by plaintiff. It is also therein set forth that no credits were ever made on the claimed note for $3500 although appellee testified that he possessed said note until after 1946; that there is not sufficient evidence in the record upon which to base the finding that a new note for that amount was made and executed in 1939; that the evidence showed, without dispute, that no credits were made upon the claimed lost note sued upon, all credits being made upon the note which the appellant admits he gave; that the verdict is not the result of a fair consideration of the testimony by the jury but is the result of passion and prejudice; and that upon the entire record substantial justice would require that the appellant should be awarded a new trial. This motion to set aside the verdict and for new trial was overruled and thereafter judgment was entered against the appellant for the sum of $3351 and costs of the action.

█ I. As a basis for reversal the appellant claims there was not sufficient competent testimony upon which to base a verdict for the appellee in that there is not sufficient proof that the note sued upon ever existed or was executed by the appellant. It is his contention that secondary evidence should not have been received relative to the claimed execution of the note. It is our conclusion that this claim is not supported by the authorities or the evidence. In Bullis v. Easton, 96 Iowa 513, 516, 65 N.W. 395, 396, Best on Evidence is quoted as follows:

" "* * * The excuses which the law allows for dispensing with

**1234**

primary evidence are that the document has been lost or destroyed, or that it is in the possession of the adversary, who does not produce it after due notice calling him to do so, or in that of a party privileged to withhold it, who insists on his privilege, or who is out of the jurisdiction of the court, and consequently cannot be compelled to produce it.' "

In the case of Fisher & Ball v. Carter, 178 Iowa 636, 641, 160 N.W. 15, 17, the following statement is set forth:

"Secondary evidence of the contents of a writing is received as the best evidence attainable only upon showing that the original writing cannot be produced by the party offering such evidence within a reasonable time, by the exercise of reasonable diligence. Precisely what must be done to constitute such diligence depends on the facts. of each case. There is no criterion by which to measure the necessary effort; but, in all cases, the party asserting the loss or destruction of the paper or document is required to show:

" 'That he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him.' 1 Greenleaf, Ev., Section 558."

It is apparent from our review of the evidence that the appellee sufficiently explained the absence of the original note sued on and that he had made diligent efforts to obtain it but was unable to do so. Under the circumstances we conclude that the trial court was justified in admitting parol evidence concerning the note in question and in submitting the case to the jury even though there were somewhat contradictory statements made by the appellee as well as by the appellant. See also Hach v. Anderson, 240 Iowa 792, 795, 38 N.W.2d 94, 96, 9 A. L. R.2d 968.

II. The appellant further claims that notice was never given to him to produce the claimed note. This contention is not supported by the pleadings and the evidence. In the appellee's petition it is stated that "* * * plaintiff prays that defendant be required to produce said note on the trial of this cause and attach a copy thereof to his answer." This petition was filed on October

13, 1950, and the case did not come on for trial until December 14, 1950. It is our conclusion that this demand for the producing of the claimed note was timely made.

We do not see where, under the appellant's claim, he would have any basis for this ground for reversal inasmuch as he asserts that there was no such note in existence. Stark v. Burke, 131 Iowa 684, 687, 109 N.W. 206.

III. As a further basis for reversal the appellant maintains that one of the instructions given was erroneous in that the jury was told to ignore the payments made in cash and to only consider payments made by check, although both parties testified that cash payments were made. This claim has no basis in the record. As a part of Instruction No. 3 it is stated:

"The record shows that the defendant has made payment to the plaintiff in cash and in checks, in the amount and at the time as shown by Exhibit 3, which is in evidence in this case. Plaintiff has stipulated that the defendant is entitled to credit for each and all of these payments, upon the promissory note sued upon herein. There is no competent evidence in the record of any further or other payments having been made by the defendant to the plaintiff."

Although Exhibit 3 is not set out in the record submitted to us, we believe that there was not sufficient other competent evidence shown which would have justified the court giving any other instruction. There is testimony on the part of the appellee to the effect that "The payments were not all by check—he gave me cash at different times. In April '48 he gave me $50 cash, Aug. 12 $5, Aug. 20 check for $31, sent to Manning." There is no showing that these payments are not a part of the computation set out in Exhibit 3 heretofore referred to.

Upon the record as submitted and after consideration of the grounds for reversal as presented, we feel the case was properly submitted to the jury and that there were no grounds presented upon which a reversal would be justified. We, therefore, affirm.— Affirmed.

All JUSTICES concur.