M. V. LITTLE and another *vs.* RALPH REES.

November 21, 1885.

Contract—Subsequent Modification—Nude Promise.—The rule that a mere naked promise is of no legal effect, applied in respect to such a promise made after a contract had been entered into, the same being re- lied upon as effecting a modification of the contract.

Appeal by defendant from a judgment of the municipal court of Minneapolis.

*S. Meyers*, for appellant.

*Smith & Reed*, for respondents.

DICKINSON, J.   The court found the facts to be that the defendant contracted to pay the plaintiffs $200, ($50 of which was afterwards

remitted by the plaintiffs,) "if they would find some person with whom he could trade said lot for other property, defendant agreeing to make the trade himself if the proper person were produced by plaintiffs." The finding is further to the following effect: The plaintiffs performed the prescribed condition on their part, by introducing to the defendant as a purchaser one Peake, with whom the defendant entered into a contract under seal for the conveyance of the land in exchange for certain other lands which Peake agreed to convey to the defendant. After the terms of this contract had been agreed upon, and immediately before the written contract was executed, the plaintiffs "told defendant that they would not charge any commission for their services unless the trade went through and was consummated." The court also finds, in terms, that "said trade was never consummated, and that the same failed through the fault of said Peake." The obvious import of the statement that the trade was never consummated, is that the contract between the defendant and Peake was never performed.

The appellant contends that the judgment in favor of the plaintiffs is erroneous, for the reason that the contract was so modified that the plaintiffs' right to compensation depended upon the *performance* of the contract made with Peake. The fact, however, of such a modification of the contract does not appear. It is not found by the court, nor does it follow as a legal result from what is found, viz., that the plaintiffs "told defendant" as above recited. This promise or statement was made after the contract had been entered into, and the plaintiffs, as is found, "had then done and completed all that was required of them under their contract with defendant." So far as appears, the promise was a mere naked agreement without consideration, and could have no legal effect.

There is no merit in the point that the court found some facts not alleged in the pleadings.

Judgment affirmed.