MAHASKA COUNTY STATE BANK, Appellant, v. J. W. CRIST *et al.*, Appellees, and SPRINGER & WILLARD, Appellants.

1. **Promissory Notes:** INNOCENT PURCHASER: BURDEN OF PROOF: INSTRUCTIONS. In an action upon a promissory note by the indorsee against the maker, the court, in two instructions, charged, in sub-stance, that, in the absence of evidence, the holder of a promissory note, indorsed by the person to whose order it is made payable, is presumed to be a holder in good faith, and entitled to recover; and, in another instruction, that if the evidence showed that the plaintiff received the note in good faith, and before it was due, as a collateral security for a loan made to the payee, and that said loan was still unpaid, then the plaintiff would be entitled to a verdict. *Held,* that the last named instruction was not erroneous as being in conflict with the others, in that it placed upon the plaintiff the burden of proving that it was a good faith holder of the note.

2. **Banking:** COLLATERAL SECURITIES: BONA FIDES. Where a bank has been accustomed to make loans to a customer, and to take promissory notes as collateral security, the fact that it has permitted him to draw upon moneys paid in upon maturing collaterals, upon depositing other collaterals to take their place, is no proof that the bank is not the *bona fide* holder of a collateral note so taken before maturity; although such may not be the bank's method of doing business with its other customers.

3. **Action by Cross Petition:** VENUE: CONTROLLED BY ORIGINAL ACTION. Where S. and W. were made codefendants with C. and S., but were not served with notice of the petition, and did not appear thereto, but C. and S. filed a cross petition in the same case against the plaintiff and their codefendants S. and W. and served notice thereof upon S. and W. in the county of their residence, it not being the county in which the action was pending, *held,* that, since the cause of action set up in the cross petition affected the subject matter of the litigation which the plaintiff had instituted, within the

meaning of section 2663 of the Code, the filing of the cross petition did not constitute a new action, and that S. and W. were not entitled to have the cause, as to the cross petition, transferred to the county of their residence.

4. **Pleading**: AMENDMENTS. A pleading stricken out does not cease to be a part of the record, and the party who filed it may add to it an amendment, and, when that is done by proper reference, the pleading stricken out and the amendment together constitute a new pleading.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

MONDAY, JANUARY 30, 1893.

ACTION to recover the amount of a promissory note. The defendants Crist and Smith plead a failure of consideration, and, in a cross petition, demand judgment against their codefendants, Springer & Willard. There was a trial by jury, and a verdict and judgment in favor of Crist and Smith against the plaintiff and their codefendants. The plaintiff and Springer & Willard appeal.—*Reversed.*

*W. J. Covil* and *Seevers & Seevers*, for appellants.

*Hyatt & Hyatt* and *Martin & Wambach*, for appellees.

ROBINSON, C. J.—On the twenty-second day of February, 1888, Crist and Smith purchased of Springer & Willard a stallion, named "Bosco," for the agreed price of one thousand, two hundred and fifty dollars, and in payment therefor gave them five hundred dollars in money, and the note in suit. The note was payable on the first of May, 1889, at Webster City, Iowa, with interest thereon at six per cent. per annum. At the time of the purchase, and as a part of the transaction, the parties thereto entered into an agreement in writing, which provided that, if the horse proved not to be a reasonably sure foal getter, the seller should, at the

option of the buyers, refund the money paid; or, if the horse was returned as sound and in as good condition as when sold, to replace him with another horse. The agreement further provided that the horse sold should not be considered as fully tested until he had been kept by the buyers one year from the beginning of the first season after the sale, and that the buyers should make to the sellers a written monthly statement of the services rendered by the horse, his condition, and the name and address of the owners of the mares served. The horse was used during the season of 1888, but on the second day of April, 1889, it was returned to Springer & Willard with the claim that he had not proved to be a reasonably sure foal getter. An attempt was made to effect a settlement under the terms of the agreement, but failed. The note was transferred to the plaintiff; and this action was commenced to recover the amount for which it was given.

The defendants Crist and Smith admitted the making of the note, but pleaded the agreement under which it was taken; that they have complied with the requirements of the agreement on their part, and are entitled to a return of the note; and that the plaintiff took it with knowledge of their rights. In a counterclaim they demand a return of the note. In their cross petition they plead the facts involved in the purchase of the horse, including the agreement for its return, and the repayment of the purchase price, and allege that, when they returned the horse, Springer & Willard were the owners of the note in suit, and agreed to return it, but thereafter conspired with the plaintiff to transfer the note to it, for the purpose of avoiding the defense which then existed, as against the payees; that the plaintiff was at the time fully informed in regard to such defense, and took the note carrying out a corrupt agreement with Springer & Willard to deprive Crist

and Smith of their right of defense. Judgment is demanded in the cross petition against Springer & Willard for the sum of five hundred dollars, with interest thereon at six per cent. from the date of the sale, for the surrender of the note in suit, or, in the event of a recovery thereon by the plaintiff, then for a like recovery against Springer & Willard. The district court rendered judgment against the plaintiff for costs, and in favor of Crist and Smith and against Springer & Willard, for the sum of five hundred and sixty-one dollars and sixty-five cents and costs.

I. The plaintiff concedes, for the purposes of this appeal, that Crist and Smith established a good defense to the note as against the payees, but insists that it acquired the note in good faith, for a valuable consideration, before maturity, and that the defense established is not available against it. Officers of the plaintiff testified that it acquired the note in suit, with other notes, on the ninth day of April, 1888, as collateral security for a loan of ten thousand dollars made on that day to Springer & Willard, which has not been paid; that the bank had no knowledge of any defense to the note, nor of the right of the makers to its return in any event, but took the note in good faith, in the ordinary course of business. It was negotiable in form, and indorsed in blank when transferred to the bank. The court charged the jury as follows:

1. PROMISSORY notes: innocent purchaser: burden of proof: instructions.

"4. * * * In the absence of evidence, the holder of a promissory note, indorsed by the person to whose order it is made payable, is presumed to be a holder in good faith, and entitled to recover. Such presumption may be rebutted or overcome by evidence from which the jury believes either that the note was transferred by the payee after due, or that the party to whom it was transferred took it with notice of the defense thereto.

"5. Thus you will observe that, in order to defeat a recovery by the plaintiff bank, it is incumbent on the defendants Crist and Smith to establish by a preponderance of the evidence, *first*, the truth of the defense which they have pleaded against the note in suit; and, *second*, the fact that the bank purchased the note with notice of such defense, or that it made such purchase after the note became due. If both these propositions have been so established, then plaintiff can not recover; but, if either proposition has not been so established, then plaintiff will be entitled to your verdict for the full amount of the note in suit.    *    *    *"

"8. If you find from the evidence that the plaintiff bank received the notice in good faith, and before it was due, as a collateral security for a loan made to Springer & Willard, and that said loan is still unpaid, then plaintiff will be entitled to a verdict; that is, the holder of a note as collateral security for the payment of a loan made at the time the collateral security is deposited is to be treated as a purchaser, and if he receives such collateral in good faith, and before due, he holds it free from the defenses to which it would be liable in the hands of original holders to the same extent as has already been explained in the preceding paragraphs.    *    *    *"

It is said that the last paragraph quoted is in conflict with the other two, and that it is erroneous, for the reason that it placed the burden upon the plaintiff of proving that it was a holder in good faith of the note. We do not think the paragraph was intended to have the interpretation given it by the plaintiff, nor that the jury so understood it. The different portions of the charge must be construed together, and, when that is done, it is clear that the jury were told that one who takes a note as collateral security for a loan made at the time it was taken is to be treated as a purchaser, and that, if the plaintiff so took the note in suit, the

presumption is that it was taken in good faith, and
that the plaintiff was entitled to recover, and that the
burden of defeating a recovery by proving the defense
pleaded was upon the makers of the note.

II.   It is further contended that Crist and Smith
wholly failed to establish a defense to the note as
2. BANKING: col-   against the plaintiff, and we are of the
lateral secur-
ities: bona   opinion that this is true.   The testimony
fides.
of officers of the plaintiff, corroborated by Springer &
Willard, is that the note was taken in good faith, in
the ordinary course of business, as collateral security
for a loan then made, and as yet unpaid; that the note
was so taken more than a year before it was due,
before its makers knew or suspected that the horse
would not prove to be satisfactory, and without knowl-
edge of the agreement under which he was sold.   It is
said, however, that the course of dealing between
the plaintiff and Springer & Willard was not that gen-
erally pursued with other persons, and that the collat-
eral notes were treated as the property of Springer &
Willard.   It appears that they had been engaged
in the business of importing and selling horses for
many years, and prior to April, 1888, the plaintiff had
been in the habit of buying paper from them, and also
receiving it as collateral security for loans made to
them, which amounted in the aggregate to about thirty
thousand dollars.   Amounts received in payment of
collateral notes were placed to the credit of Springer &
Willard, and they were sometimes permitted to check
against such credits by giving other notes to replace
those paid.   The fact that credit was given to them on
account for collateral notes paid, instead of indorsing
the payments on their indebtedness to the plaintiff, did
not change the character of the collateral notes, nor
release the money received thereon from liability for
the payment of the debt for which the collaterals were
deposited.   The balances from the money so received

which sometimes appeared on the books of the bank in favor of Springer & Willard were at all times subject to the right of the plaintiff to appropriate them in payment of the debt to secure which the collaterals were deposited, and Springer & Willard had no right to check against such balances excepting as they acquired it by depositing new paper in lieu of the collaterals which had been paid. Whether precisely that method of doing business had been adopted with any other customer of the bank is immaterial, for it was not resorted to on account of any supposed defect in the notes furnished as security, nor to avoid any defense which might be made to them. It was sanctioned by long-established and well known business usage, which is especially applicable where a loan is secured by collateral notes which mature at different times, and before the loan becomes due.

Smith claims that, when the horse was returned, Willard led him to think that the note was then in his possession; but, if he had then stated explicitly that he had the note, it would not have affected the rights of plaintiff, for the uncontradicted evidence shows that the note was transferred to the plaintiff in April, 1888, and that it was not thereafter in the possession of Springer & Willard. The most that can be claimed in regard to what Willard said was that the note would be surrendered to Crist and Smith in a certain contingency, but that could have been done only by first obtaining the note from the plaintiff. It is said it should be presumed that the plaintiff was told of the agreement under which the note was taken, and that the agreement and note were kept together. There is nothing in the record to authorize such a presumption, while uncontradicted evidence shows that it would be contrary to the fact. There was no evidence of a conspiracy between the plaintiff and Springer & Willard, and the jury were instructed to that effect. Under the

evidence and the charge, the verdict of the jury should
have been for the plaintiff for the amount of the note.

III. The cross petition, as originally filed by Crist
and Smith contained two counts, the second of which was
**3. ACTION by cross petition: change of venue to county of residence.** founded upon an alleged breach of con-
tract in regard to a stallion named "Mat-
ador." A motion to strike the cross
petition was sustained, and thereafter Crist and Smith
filed a pleading, which contained the following:

"The defendants J. M. Crist and C. L. Smith
amend their cross bill filed herein against their code-
fendants, Springer & Willard, by adding as defend-
ants to said cross bill the plaintiff in the above entitled
cause, Mahaska County State Bank. They incorporate
the said cross bill and all the averments therein, and
the exhibits thereto attached herein by reference, and
ask that the same may be considered a part hereof."

The pleading then alleged that the note in suit was
taken by the plaintiff with knowledge of the agreement
under which it was given, and in pursuance of the con-
spiracy with Springer & Willard to which reference has
already been made. A motion to strike that pleading
from the files, on the ground that the original cross
petition could not, after it was stricken out by order of
the court, be amended or incorporated in a new plead-
ing, and for other reasons, was filed—and sustained.
From that ruling an appeal was taken to this court,
which reversed so much of the ruling as applied to the
first count. See 82 Iowa, 57.

Springer & Willard, although they were named in
the petition as parties defendant, did not appear to it,
and were not served with notice of it by the plaintiff.
They were served with notice of the cross petition, to
which they appeared, and, before answering, filed an
application to change the place of trial, as to them-
selves, on the cause of action stated in the first count
of the cross petition, to Mahaska county. In support

of the application they filed an affidavit, which showed that they were residents of that county, and had never resided nor been engaged in business in Hamilton county, nor had an office or agency therein, and that they were served with notice of the cross petition in the county of their residence. The application was denied, and of that ruling they complain. Section 2663 of the Code is as follows: "When a defendant has a cause of action affecting the subject-matter of the action against a codefendant, or a person not a party to the action, he may in the same action file a cross petition against the codefendant or other person. The defendants thereto may be notified as in other cases, and defense thereto shall be made in the time and manner prescribed in regard to the original petition, and with the same right of obtaining provisional remedies applicable to the case. The prosecution of the cross petition shall not delay the trial of the original action when a judgment can be rendered therein that will not prejudice the rights of the parties to the cross petition." The statute contemplates a trial of the issues joined on the cross petition in the court in which the original action is determined. It provides a means for adjudicating in a single action different rights of the defendants and others which are affected by the subject-matter of the litigation which the plaintiff has instituted. The filing of a cross petition and the proceedings thereunder do not constitute a "separate action" within the meaning of the statute, and to award a party a separate trial in the court of another county, on the ground of his residence therein, would be contrary to its spirit and intent. If the suit is properly brought in one county, all proper parties to the cross petition may be required to appear and proceed to trial therein, although they are residents of another. It was determined on the first appeal, that the first count of the cross petition was properly filed, and that is the law of the case. The

refusal of the court to allow a change of the place of trial must therefore be sustained.

IV. The appellants Springer & Willard contend that Crist and Smith failed to make monthly reports of the services of the horse, as required by the agreement under which the same was made, and therefore that they are not entitled to recover. In their original cross petition Crist and Smith allege that the provision which required such reports was verbally waived by Springer & Willard after the execution of this agreement. It is said, however, that, the original cross petition having been stricken out, it could not be revived and incorporated in the pleading, which purports to be an amendment to it, in the manner attempted; and that, as the waiver is pleaded only in the original cross petition, and is not in terms referred to in the amendment, there was no issue in regard to a waiver raised by the pleadings on which the trial was had. We do not think this claim is well founded. A pleading once filed in a cause does not cease to be a part of the record when a motion to strike it is sustained. Although it then ceases to have any effect in the trial of the cause, considered alone, yet it remains with the other papers in the case, and has an existence for some purposes. In such a case, if the party who filed the pleading does not wish to stand upon it, he may add to it an amendment, and, when that is done by proper reference, the pleading stricken, and the amendment, together constitute a new pleading. We conclude that a waiver of the requirement for monthly reports was duly pleaded in the cross petition.

4. PLEADING: amendments.

V. It is said that the plea of waiver is not sustained. There was evidence which tended to show the following: After the agreement was signed, the provision in regard to monthly reports was discussed, and Crist and Smith were told that they need not make reports.

The parties corresponded in regard to the horse, and frequent reports in regard to his condition were sent to Springer & Willard.  They did not ask for the reports, but, when a return of the horse was proposed, they demanded and received the information which the reports would have given, and made an investigation in regard to the services of the horse.  The monthly reports were intended to enable them to make such an investigation, and the information they received answered all the purposes of the reports.  The provision in regard to the reports was for the exclusive benefit of Springer & Willard.  The evidence which tended to establish these claims was in material respects contradicted by Springer & Willard, and, in view of the disposition which we make of the case, it would be improper to express any opinion in regard to the weight of the evidence on this branch of the case.  It is only necessary to say that, if the testimony given in behalf of Crist and Smith was true, the jury were authorized to. find that the waiver pleaded was proven.  A new consideration for the waiver was not required.  See *Davis v. Robinson*, 67 Iowa, 360.

The appellees ask that if judgment is rendered against them, and in favor of the plaintiff, for the amount of the note in suit, they recover a like judgment against Springer & Willard.  We find nothing in the proceedings against the last named parties which is prejudicial to them, and Crist and Smith have not appealed; but the judgment against the plaintiff must be reversed, and the rights of the parties to the cross petition can not be fully adjudicated until the claim of the plaintiff is determined.  Therefore the entire cause must be remanded for further proceedings in harmony with this opinion.  REVERSED.