J. B. WEEDE, Administrator, Appellant, v. JACK BRIAR, Appellee.

No. 45797.

August 11, 1942.

Rehearing Denied November 27, 1942.

Havner, Flick & Powers, L. B. Bartholomew, Margaret I. Cunningham, all of Des Moines, and J. Berkley Wilson, of Indianola, for appellant.

Hallagan, Fountain, Steward & Cless, of Des Moines, and Stanley E. Prall, of Indianola, for appellee.

Wennerstrum, C. J.—The administrator of the estate of Katherine Mary Richards, deceased, brought an action for damages for her alleged wrongful death. Decedent's death resulted from a collision of a car driven by Orlando G. Richards, her father, in which she was riding, and a truck owned by the appellee, Jack Briar. The case was tried to a jury who returned a verdict for the appellee. The administrator has appealed.

The accident that occasioned the death of Katherine Mary Richards occurred sometime between 9 and 9:45 p. m. on September 28, 1939, on Southeast Fourteenth Street in Des Moines, Iowa. This thoroughfare is a four-lane highway, extending in a north-and-south direction. The truck owned by the appellee

had been parked on Southeast Fourteenth Street some 10 or 15 feet south of a beer parlor and sandwich shop located near Gratis Avenue, which intersects the north-and south-highway. There is a dispute in the record whether or not there were any parking lights on the truck at the time of the accident.

It is disclosed by the testimony that the visibility of the driver of the Richards car was poor as he proceeded south on Southeast Fourteenth Street, due to the fact that it was raining quite steadily at that time, and for the further reason, as admitted by the driver of the Richards car, that his windshield wiper was not in operation. The decedent was riding in the rear seat of her father's car. The record further shows that at the time Richards' automobile came in contact with the parked truck Mr. Richards was driving at a rate of speed of approximately 30 miles per hour and he did not see the truck until he was within about 10 feet of it. The car crashed into the rear of the appellee's truck and the decedent received injuries from which she later died.

It is alleged in the appellant's petition that the appellee was negligent in the following particulars: (1) In stopping a motor truck on the highway in a suburban district without displaying flares as required by the laws of the state; (2) in leaving the truck parked on said highway during the period of one half hour after sunset and more than one half hour before sunrise without a lamp which exhibited a white light visible for a distance of 500 feet from the front of said vehicle, and a red light visible for a distance of 500 feet from the rear of such vehicle; (3) in parking the truck in question without lights at a place that was not within 15 feet of any pole on which a city street light was erected; (4) in failing to give any warning to the occupants of the Richards car of the existence of the motor truck upon the highway. It is further alleged that the decedent, Katherine Mary Richards, was free from any contributory negligence on her part.

The appellants assert as claimed errors of the trial court: (1) That it erred in giving to the jury instruction No. 12 and in failing to give to the jury appellant's requested instruction No. 4; (2) that the trial court erred in refusing to give ap-

pellant's requested instruction No. 5; (3) that the court erred in refusing to give to the jury appellant's requested instruction No. 7; and (4) that the court erred in overruling the appellant's motion for a new trial for the following reasons: (a) that the jury disregarded the instructions of the court in refusing to answer the three interrogatories attached to and made a part of the instructions; (b) that the failure of the jury to answer these interrogatories showed an utter disregard for the instructions of the court; and (c) that the verdict as returned by the jury was contrary to the evidence.

I. As heretofore set out, appellant asserts that the court erred in refusing to give to the jury appellant's requested instructions Nos. 5 and 7. In the motion for a new trial, which is incorporated in appellant's abstract of record and which we have examined with minute care, we find no reference to appellant's requested instruction No. 5. In paragraph 18 of the motion for a new trial and objections to instructions we find this statement: "That the court erred in failing to give Instruction No. 4 requested by the plaintiff." In paragraph 19 the only statement which refers to requested instruction No. 7 is the following: "That the court erred in failing to give Instruction No. 7 requested by the plaintiff." Inasmuch as the appellant, in connection with his objection to instruction No. 12, in his brief and argument comments upon the failure of the court to give requested instruction No. 4, it would appear that in the motion for a new trial there was no typographical error in paragraph 18. Consequently it is apparent that no exception was taken to the failure of the court to give appellant's requested instruction No. 5. As to appellant's complaint relative to the court's failure to give requested instruction No. 7, it is our conclusion that upon the record made the same cannot be reviewed by us. The manner in which this claimed error is presented does not permit us to give it consideration.

In the case of Thomas v. Charter, 224 Iowa 1278, 1284, 278 N. W. 920, 924, we stated:

"Section 11495 of the Code specifies that exceptions may be taken to instructions refused as well as those given, 'but all such exceptions shall specify the part of the instruction as excepted to, or of the instructions requested and refused and the

grounds of such exceptions.' In the absence of such specification of grounds of exceptions, this court may not review the trial court's refusal to give instructions requested. Anthony v. O'Brien, 188 Iowa 802, 175 N. W. 750; Farwark v. Chicago M. & St. P. R. Co., 202 Iowa 1229, 211 N. W. 875; Oestereich v. Leslie, 212 Iowa 105, 234 N. W. 229. We find no error in the trial court's refusal to give the requested instructions.''

By reason of our frequent holdings in situations of this character, as shown by the noted citations, we deem it unnecessary for us to set out further authorities on this point. Consequently we hold that the claimed errors herein commented upon are not subject to review under the record as made.

■ II. In connection with the appellant's complaint that the court erred in overruling the motion for a new trial because the jury failed to answer certain special interrogatories, the following facts should be noted. The court on its own motion submitted to the jury three interrogatories, which were as follows:

· ''Interrogatory No. 1. Do you find the defendant negligent on charge (a) of negligence made by plaintiff against defendant * * *. Interrogatory No. 2. Do you find the defendant negligent on charge (b) of negligence made by plaintiff against defendant * * *. Interrogatory No. 3. Do you find the defendant negligent on charge (c) of negligence made by plaintiff against defendant * * *.''

The jury failed to answer any of the interrogatories submitted, and it is further disclosed by the record that at the time the verdict was returned it was not known or discovered that they had not been answered.

As has heretofore been stated, the verdict of the jury was in favor of the appellee, which would indicate that the jury did not find that the truck owner was negligent in any of the respects to which reference was made in the three interrogatories. We do not see where the appellant was in any manner prejudiced by this failure to answer the interrogatories. We approve and find justification for the statement made by the trial court in its ruling on the motion for a new trial, when, in commenting upon the failure of the jury to answer the special interrogatories, it said:

"If the verdict had been for the plaintiff then it would have been material so that the ground of negligence upon which they based their verdict would have appeared. But in as much as the verdict was for the defense, I think it is wholly immaterial whether the interrogatories were answered or not."

The record discloses that no exception was noted on account of the failure of the jury to answer the interrogatories until the submission of the motion for a new trial. Because of this fact, we hold that there is no merit in appellant's contention that the trial court committed error in not granting a new trial on this particular ground.

In commenting upon a situation similar to the one now before us, we said, in Alitz v. Minneapolis & St. L. R. Co., 196 Iowa 437, 443, 193 N. W. 423, 426:

"It is assigned as reversible error that the jury failed or neglected to answer the special interrogatories. The objection is not well taken, for at least two sufficient reasons. In the first place, had the defendant desired to raise the objection, it should have done it when the general verdict was returned into court with the interrogatories unanswered, when, had the court deemed it material, it could have ordered the matter resubmitted to the jury, requiring answers to be made. No objection was in fact raised until several days after the verdict had been received and the jury discharged. This was not in time. Mayo v. Halley, 124 Iowa 675, 680."

A statement to the same effect is found in Mulvaney v. Burroughs, 152 Iowa 439, 444, 445, 132 N. W. 873, 875:

"It is true that in the motion for a new trial filed some time after the return of the verdict defendant made the point that the trial court erred in not requiring answers to interrogatories 5 and 6. But we are constrained to hold this was too late. Mack v. Leedle, 78 Iowa, 164; Mayo v. Halley, 124 Iowa, 675. * * *

"The general rule is that, where a jury fails to answer a special interrogatory upon a material fact, it is to be taken as a finding against the party having the burden of proving such fact." (Citing cases.)

We therefore hold that there was no error in the trial court's failure to give consideration to these complaints noted in appellant's motion for a new trial.

As to the contention that the verdict was not supported by the evidence, we have concluded that this claimed error is also without merit. We have heretofore held that there was no reviewable error in the submission of the instructions and the issues as submitted to the jury. There can be no doubt that a jury question was involved, and we do not see how it could be held that the verdict was not supported by the evidence.

█ It is the further contention of the appellant that the trial court erred in giving to the jury instruction No. 12, wherein the court included in that particular instruction the statements taken from the statute wherein are set out the definitions of a business district, a residence district, a school district, and a suburban district. [Code, section 5000.01, subsections 54, 55, 56, 56-a.] In appellant's brief it is contended that the instruction was confusing and misleading; that under the instruction the jury could not intelligently determine whether the accident occurred in a suburban or a residence district; that the jury could merely speculate as to where they were to commence measuring the 300-foot frontage; that if the jury found that the accident occurred at or about a certain point, the appellant was entitled to an instruction that the point in question constituted a suburban district, and that under the record the court should have instructed that the point in issue was a suburban district.

However, in the motion for a new trial and objections to instructions, appellant's comment concerning instruction No. 12 is as follows:

"That the verdict is contrary to Instruction No. 12, given to the jury by the court on its own motion, that the linear measure of the plot of ground upon which the building is located abutting upon the highway shall be deemed 'frontage occupied by the building', and the phrase, 'frontage on such highway for a distance of 300 feet or more' shall mean the total frontage on both sides of the highway for such distance, and, under the undisputed facts in the record, there was not 40%

for a distance of 300 feet or more on both sides of the highway which was occupied by buildings on that part of the highway which could lawfully be considered by the jury in considering Instruction No. 12, and in considering subdivisions (a), (b), and (c) of Instruction No. 8, as given by the court on its own motion. That upon the whole record * * * it is shown that the jury did not give a fair consideration to the claims of the plaintiff, and that the plaintiff did not have a fair trial at the hands of the jury.''

It will be observed that the exception as previously noted states that the verdict is contrary to instruction No. 12. There is no statement in the claimed exception setting out wherein the court was in error in giving this instruction. Upon the record and the authorities previously cited, we hold that this assignment of error has not been properly made.

In connection with the complaint relative to the court's instruction No. 12, the appellant further excepts to the failure of the court to give plaintiff's requested instruction No. 4. As previously noted, the appellant, in paragraph 18 of his motion for a new trial and objections to instructions, makes this comment concerning the court's failure to give requested instruction No. 4: ''That the court erred in failing to give Instruction No. 4 requested by the plaintiff.'' We have herein held, and our holding is supported by previous pronouncements of this court, that such an assignment of error is not subject to review.

By reason of our conclusions herein noted, it is our holding that the trial court should be, and it is, affirmed.—Affirmed.

All JUSTICES concur.