Lewis E. Pond, appellant, v. J. C. Anderson et ux., appellees.

No. 47716.

(Reported in 44 N.W.2d 372)

October 17, 1950.

John L. Mowry, of Marshalltown, for appellant.

R. A. Rockhill, of Marshalltown, for appellees.

Garfield, C.J.—Plaintiff's petition alleges defendants (husband and wife) engaged plaintiff, a real estate broker, to assist them in finding a purchaser for certain business property in Marshalltown; plaintiff found and introduced to defendants Houghton and Yerkes who purchased the property on terms

1040

acceptable to defendants; plaintiff's services were of the reasonable value of $3100.

Defendants' amended answer denies the above allegations and states that before the sale was made plaintiff told defendant J. C. Anderson he could see Houghton and Yerkes and make his own deal and whatever defendants sold the property for would be net to them; Anderson then negotiated the sale to Houghton and Yerkes; plaintiff waived and abandoned all right to a commiss on and is estopped to maintain the action. Plaintiff's reply denies the affirmative allegations of the amended answer and denies any waiver, abandonment or estoppel.

At the conclusion of the testimony plaintiff moved for a directed verdict on the ground a verdict for defendants would be contrary to the evidence. The motion was denied and the jury returned a verdict for defendants. Plaintiff's motion for judgment notwithstanding verdict or for a new trial was overruled and judgment was entered on the verdict. Plaintiff has appealed.

Defendants owned a business building in Marshalltown. On the first floor were two store fronts and above were offices and apartments. They sold the property to Houghton and Yerkes for $74,000.

In the summer or fall of 1947 plaintiff asked defendant J. C. Anderson, who acted for his invalid wife, the titleholder, if their building was for sale. Anderson replied they might sell. Price or terms of sale seem never to have been agreed upon nor was there ever any definite agreement to pay a commission. Plaintiff got Anderson's permission to show the building to one Dorosin who made an offer for it that Anderson refused. After some negotiations Dorosin purchased other property and by May 1948 was no longer a prospect for the Anderson building.

Sometime in May, June or July 1948 plaintiff inquired from Houghton if he would be interested in the property and with Anderson's consent and in his presence showed it to Houghton and his partner, Yerkes. Negotiations with Houghton and Yerkes continued for several weeks. Final negotiations were largely between the purchasers and Anderson after consulting their respective attorneys. A preliminary memorandum of sale was signed September 30, 1948, followed by the final contract on

October 22 and deed on November 12. Defendants refused to pay plaintiff a commission and this suit followed.

Plaintiff's principal witnesses were plaintiff himself and Houghton, one of the purchasers. Plaintiff says Anderson told him just after the deed was made he had arranged with the purchasers to pay plaintiff's commission. Anderson denies this. Houghton says there was no such arrangement. In any event the purchasers refused to pay plaintiff a commission.

Principal basis for the affirmative defense is testimony of Anderson, defendants' main witness, that during the negotiations in late August or in September 1948 plaintiff told Anderson to see Houghton and Yerkes and "make your own deal and whatever deal you make will be net to you." Anderson further says, "I asked him [plaintiff] where he was going to come out—he couldn't run his office for nothing, and he said he would come out all right and there would be some insurance and one thing and another." Anderson also testifies that on September 30, 1948, before the preliminary memorandum was signed, "I wanted to know it was understood on both sides that whatever deal I made with Mr. Houghton it would be net to me. He [plaintiff] said, 'Absolutely. Whatever deal you make, that will be net to you.'"

Anderson says he asked Diggins, his son-in-law, an attorney since deceased, to call plaintiff and "verify the agreement we had on the sale of the building." Anderson then signed the memorandum and accepted a down payment of $500. Anderson further testifies that the same day (September 30, 1948) plaintiff phoned him that Diggins had called him to verify what Anderson claimed was his agreement about commission and he (plaintiff) had told Diggins the same as he had told Anderson that the price Anderson got for the property would be net to him.

In rebuttal plaintiff denies the above testimony tending to show he would claim no commission. He admits Diggins called him but says he told Diggins he did not understand the deal would be net to Anderson and that Anderson had said he would take care of him (plaintiff).

I. Plaintiff first contends he was entitled to recover as a matter of law and his motion for directed verdict should have

been sustained. In this connection of course the evidence must be considered in the light most favorable to defendants. Davis v. Knight, 239 Iowa 1338, 1342, 35 N.W.2d 23, 25, and citations.

Our decisions, cited by plaintiff, hold that the duty of a real estate broker is performed when he finds and introduces to his principal a person who is ready, able and willing to buy on terms proposed by or acceptable to his principal. (The jury was so instructed here.) If the contract is to find a purchaser ready, willing and able to buy on terms satisfactory to the seller, the commission is earned when such a purchaser is produced. In such case it is necessary for the broker to prove: (1) The contract upon which he bases his right to a commission; (2) he produced a purchaser ready, willing and able to buy on terms satisfactory to the seller; (3) the purchaser was induced to make the purchase through the efforts of plaintiff—in other words that plaintiff was the efficient, moving cause of the sale; and (4) there was an implied contract to pay a commission for plaintiff's services.

In support of the above see Wareham v. Atkinson, 215 Iowa 1096, 1100, 247 N.W. 534; Tilden v. Zanias, 228 Iowa 708, 292 N.W. 835; Moore v. Griffith, 234 Iowa 1024, 1027, 14 N.W.2d 644, 645; Nickelsen v. Morehead, 238 Iowa 970, 29 N.W.2d 195 (holding the broker's right to a commission is not defeated by mutual rescission of the sale contract by the parties thereto— see on this question annotation 51 A. L. R. 1390, 1392).

Plaintiff was not entitled to a directed verdict if the affirmative defense of waiver was properly for the jury. In this connection plaintiff contends here such defense is of no avail to defendants because the claimed waiver was without consideration and the elements of estoppel do not appear.

We do not find this contention was presented to the trial court in plaintiff's motion for directed verdict, requested instructions (except perhaps indirectly in one request), motion for judgment notwithstanding verdict or for new trial, nor otherwise. The most that can be said is that plaintiff contended, without asserting a waiver must be accompanied by consideration, the defense of waiver was not established. Four of seven instructions requested by plaintiff deal with the defense of waiver but none clearly states consideration therefor is required. We would

therefore be justified in ignoring the contention now made. However, plaintiff has argued it so earnestly we are disposed to consider it.

■ "Waiver" is usually defined as the voluntary relinquishment of a known right. Lamb v. City of Boone, 237 Iowa 273, 278, 21 N.W.2d 462, 464, 162 A. L. R. 1465, 1467, 1468, and citations; Wisdom v. Board, 236 Iowa 669, 684, 19 N.W.2d 602, 609; 56 Am. Jur., Waiver, section 2; 44 Words and Phrases, Perm. Ed., 516 et seq.

■ While "waiver" and "estoppel" are closely akin, they are not the same. Waiver does not necessarily imply that the other party has been misled to his prejudice while estoppel involves this element. See Wandell v. Mystic Toilers, 130 Iowa 639, 645, 105 N.W. 448, 450; Schuetz v. International Harvester Co., 167 Iowa 634, 639, 149 N.W. 855, 857; Collins v. Iowa Mfrs. Ins. Co., 184 Iowa 747, 751, 169 N.W. 199, 200; Wisdom v. Board, supra, 236 Iowa 669, 684, 19 N.W.2d 602, 610; 56 Am. Jur., Waiver, section 3.

Here there is no direct testimony that defendants relied on the statements claimed to have been made by plaintiff which infer he would claim no commission, nor that defendants would not have made the contract with the purchasers except in the belief plaintiff would not claim a commission. And defendants do not argue there was consideration for the claimed waiver on which they rely.

The authorities are in conflict as to whether a waiver must be accompanied by consideration where the elements of estoppel are not shown. It is sometimes said that where substantial, as distinguished from formal, rights are involved a waiver must be supported by consideration. See Pacific States Corp. v. Hall, 9 Cir., Cal., 166 F.2d 668, 671; 56 Am. Jur., Waiver, section 16; 12 Am. Jur., Contracts, section 354; 67 C. J., Waiver, section 2; 17 C. J. S., Contracts, section 492a, page 995; 44 Words and Phrases, Perm. Ed., 536 et seq.

■ However, we have held and there is much authority that waiver is not a contract and that consideration such as is necessary to support a contract is not essential to a waiver. Mahaska County State Bank v. Crist, 87 Iowa 415, 425, 54 N.W. 450; Schuetz v. International Harvester Co., supra, 167 Iowa 634,

639, 149 N.W. 855, 857; Smith v. Coutant, 232 Iowa 887, 894, 6 N.W.2d 421, 426; Swihart v. Missouri Farmers, etc. Ins. Co., 234 Mo. App. 998, 138 S.W.2d 9, 16, 17; Clark v. Dye, 158 Minn. 217, 197 N.W. 209, 212; Order of Railway Conductors v. Quigley, Tex. Civ. App., 83 S.W.2d 701, 704; Schwartz v. Wilmer, 90 Md. 136, 44 A. 1059, 1061. And see citations to the texts last above.

The opinion in Schillinger Bros. & Co. v. Bosch-Ryan Grain Co., Iowa, 116 N.W. 132, 136, cited by plaintiff, was withdrawn and superseded by another opinion found in 145 Iowa 750, 122 N.W. 961. The superseded opinion cannot be regarded as authority and there is nothing in the later opinion to support plaintiff's contention.

Little v. Rees, 34 Minn. 277, 26 N.W. 7, Moskowitz v. Hornberger, 20 Misc. 558, 46 N. Y. Supp. 462, and Taubenblatt v. Galewski, 108 N. Y. Supp. 588, cited by plaintiff, all hold that after a broker has earned his commission a claimed modification of the agreement under which the commission was earned is unenforceable if without consideration. These decisions follow the rule that a contract, even though in modification of an earlier one, must be supported by a consideration. See Heggen v. Clover Leaf Coal & M. Co., 217 Iowa 820, 253 N.W. 140, and citations; Westfall v. Ellis, 141 Minn. 377, 170 N.W. 339, 341; 12 Am. Jur., Contracts, section 407; 17 C. J. S., Contracts, section 376. We think the early decisions cited by plaintiff are not applicable here.

■ We feel the affirmative defense of waiver pleaded by defendants raised a question for the jury and therefore plaintiff was not entitled to a directed verdict.

■ II. Defendant Mrs. Anderson testified there was a telephone on a stand by her bed so she could reach it from the bed; plaintiff called by telephone frequently and she was familiar with his voice; she heard what plaintiff told her husband over the telephone regarding plaintiff's talk with the son-in-law Diggins; she then repeated substantially what she says plaintiff, at the other end of the line, told her husband. Plaintiff's counsel asked that plaintiff be permitted to call Anderson over the telephone on the judge's desk in the courtroom so "we" can see what "we" hear over the phone. On defendants' objection that condi-

tions were not shown to be the same as those at the time testified to by Mrs. Anderson. the court refused to permit the experiment.

Trial courts have discretion in the matter of permitting such an experiment in the jury's presence as plaintiff proposed. It should not be allowed unless conditions are shown to be substantially similar. Here such similarity of conditions does not appear and we are not justified in holding there was an abuse of discretion in the trial court's refusal to permit the experiment. It does not appear plaintiff's voice could be heard so readily in the courtroom over the telephone located there as by Mrs. Anderson over the telephone near her bed. See Chicago Tel. Sup. Co. v. Marne & Elkhorn Tel. Co., 134 Iowa 252, 259, 111 N.W. 935; Boerner Fry Co. v. Mucci, 158 Iowa 315, 321, 138 N.W. 866; Green v. United States, 9 Cir., Wash., 19 F.2d 850, 852; annotations 8 A. L. R. 18, 85 A. L. R. 479; 20 Am. Jur., Evidence, sections 755, 756; 64 C. J., Trial, sections 87, 89.

III. Plaintiff complains he was unduly restricted in cross-examination of defendant Anderson.

Plaintiff brought out on such cross-examination that Anderson suspicioned the purchasers were not paying plaintiff a commission and that he, Anderson, did not want to pay one. Anderson was then asked, "Knowing the circumstances, you never made any arrangements to see that Mr. Pond was protected for a commission?" Defendants' objection as improper cross-examination was sustained.

It is true, as plaintiff argues, the right of cross-examination is a valuable one and usually a rather broad latitude is permitted. Pickerell v. Griffith, 238 Iowa 1151, 1163, 1164, 29 N.W.2d 588, 595, and citations; Nichols v. Kirchner, 241 Iowa 99, 106, 40 N.W.2d 13, 17. However, the scope of cross-examination is largely within the trial court's discretion. Korf v. Fleming, 239 Iowa 501, 512, 32 N.W.2d 85, 92, 3 A. L. R.2d 270, and citations; Nichols v. Kirchner, supra; Hope v. Ted Mc-Grevey, Inc., 241 Iowa 1022, 1025, 44 N.W. 2d 369, 370.

The above ruling presents no abuse of discretion. It was clearly shown that, at least according to defendants' claim, they did not arrange to protect plaintiff for a commission. Insofar as the quoted question sought to bring out anything new it was merely a matter of argument.

Plaintiff was not permitted to show on cross-examination of defendant Anderson that defendants retained until January 1, 1949, possession of the property which, as stated, was deeded to the purchasers on November 12, 1948. Since it appeared from testimony of one of the purchasers, Houghton, that the date of possession was extended to January 1, 1949, and the final sale contract (which we do not find set out in the record) doubtless so recites, plaintiff could not have been prejudiced by this ruling.

Plaintiff had difficulty in showing on cross-examination of Anderson that a preliminary draft of a sale contract recited it was understood defendants had not engaged a real estate broker in connection with the sale and should not be liable for a commission. The trial court should have permitted this fact to be shown at the outset. However, since the evidence was finally received on cross-examination of Anderson and since Houghton had already testified the preliminary draft of the contract contained a provision of that nature, the earlier adverse rulings were not prejudicial.

Plaintiff complains of some other rulings on evidence. We have considered them and find no reversible error.

IV. Plaintiff contends it was error to refuse his seven requested instructions.

We find no objection or exception taken before the instructions were read to the jury to the failure to give any requested instruction, as required by rule 196, Rules of Civil Procedure. Because the trial court failed to comply with rule 196, as pointed out in Division V hereof, we may overlook plaintiff's delay in excepting to the refusal of his requested instructions. Plaintiff's motion for new trial, filed twenty-five days after the verdict, recites merely that the court erred in refusing the requested instructions as shown by the record and the submitted instructions. This objection lacks compliance with rule 196 not only because it was made after the instructions were read to the jury (a matter we do not consider) but also because it does not specify the grounds of the objection. See Nichols v. Kirchner, supra, 241 Iowa 99, 104, 105, 40 N.W.2d 13, 17, and citations; State v. Hofer, 238 Iowa 820, 835, 28 N.W.2d 475, 483; State v. Boston, 233 Iowa 1249, 1254, 11 N.W.2d 407, 410, and citations; Weede

v. Briar, 232 Iowa 972, 975, 976, 5 N.W.2d 157, 159, and citations; Richmond v. Whitaker, 218 Iowa 606, 609, 255 N.W. 681, and citations.

V. It is claimed the trial court erred in failing to comply with rule 196 which provides, in part:

"Before argument to the jury begins, the court shall furnish counsel with a preliminary draft of instructions which it expects to give on all controversial issues * * *. Before reading them to the jury, the court shall submit to counsel its instructions in their final form, noting this fact of record, and granting reasonable time for counsel to make objections after argument to the jury and before the instructions are read to the jury. Within such time, all objections to giving or failing to give any instruction must be made * * * specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal. But if the court thereafter revises or adds to the instructions, similar specific objection to the revision or addition may be made in the motion for new trial, and if not so made shall be deemed waived."

Neither side challenges any statement in the trial court's ruling on plaintiff's motion for new trial as to what was done about submitting to counsel the instructions. Nor does the record show any such statement is untrue. We feel justified therefore in accepting the court's version of what happened.

The cause was submitted to the jury late one afternoon. The preceding day, upon adjournment, the court gave each counsel a complete set of instructions proposed to be given. These instructions were returned to the court the next morning together with seven instructions requested by plaintiff, all of which were refused and so marked, and two instructions requested by defendants, one of which was refused and the other given as No. 6. From the time the instructions were so returned until plaintiff filed his motion for new trial no objections were made by counsel regarding them. At the close of arguments to the jury the court handed each counsel a copy of the instructions in their final form which were *identical with those given them the day before except for the inclusion of No. 6 and certain typographical cor-*

*rections.* The court then proceeded to read the instructions to the jury without granting additional time to make objections thereto and without noting of record that the instructions in their final form had been submitted to counsel. The court simply overlooked the provision of rule 196 as to time for objections and making said notation of record. Neither counsel called the matter to the court's attention. If either counsel had asked for time to object to the instructions the court states such request would have been granted, beyond doubt.

After the verdict was returned thirty days were allowed for filing motion for new trial. Twenty-five days after the verdict plaintiff filed such motion, in which he undertook to object to the instructions generally. There was no objection to No. 6 nor to any other specific instruction.

The substance of most of these objections to instructions in the motion for new trial is: (1) The court erred by giving instructions relating to a defense to plaintiff's claim to which defendants were not entitled; (2) the court erred by reason of its erroneous instructions as to the law relating to waiver; (3) the court erred in failing to instruct as to the essential legal elements of a waiver; and (4) the court erred in instructing contrary to the law.

Rule 196 is important, and trial courts should be careful to observe it. However, under the circumstances here we are not inclined to reverse this case because the trial court forgot to note of record that the instructions in their final form were submitted to counsel before reading them to the jury and forgot to grant "reasonable time for counsel to make objections after argument to the jury and before the instructions are read to the jury." These are the only two respects in which there was lack of compliance with rule 196.

If reasonable time had been granted for making objections to the instructions before reading them to the jury, doubtless such objections would not have been more numerous nor more specific than those contained in the motion for new trial filed after twenty-five days. Aside from the matter of time for filing, those objections fail to comply with the requirement of rule 196 that "all objections to giving or failing to give any instruction must be made * * * specifying the matter objected to and on

what grounds." The objections were too general to advise the court the particular grounds of complaint against the instructions. See citations at end of Division IV hereof and authorities therein cited.

In State v. Holder, 237 Iowa 72, 83, 84, 20 N.W.2d 909, 915, we held it was the trial court's duty under rule 196 to submit to counsel the instructions in a criminal case, but that objections thereto could be made pursuant to section 13944, Code, 1939 (section 787.3, Code, 1946), not applicable to civil cases, in the motion for new trial and failure to submit the instructions was not there prejudicial error.

So here it seems to us lack of compliance with rule 196 was not prejudicial to plaintiff. He has failed to point out wherein he was in any way prejudiced. And since his exceptions to instructions, prepared after ample time, present nothing for review, any claim of prejudice is quite clearly rebutted.

It is unnecessary to consider defendants' argument that lack of compliance with rule 196 was not reversible error because counsel for plaintiff made no objection to the trial court's reading the instructions to the jury and no request for time within which to object to the instructions before such reading.

After considering all questions argued we feel the case should be affirmed. In overruling the motion for new trial the experienced trial court observed that he could not have reached the same conclusion the jury did but should not substitute his judgment for the jury's. Of course our duty is merely to pass upon the errors assigned and not to review the evidence de novo nor decide the case as we might think it should be decided.— Affirmed.

All JUSTICES concur.