CONTINENTAL CASUALTY COMPANY, appellant, v. G. R. KINNEY Co., INC., an Iowa corporation, appellee.

No. 51882.

(Reported in 140 N.W.2d 129)

FEBRUARY 8, 1966.

McDonald & McDonald, of Davenport, for appellant.

Carl W. Schultz, of Davenport, for appellee.

LARSON, J.—This is an indemnity action to determine whether the landlord or the tenant insurance carrier must as-

sume the liability which arose as a result of a damage action when a pedestrian fell upon a patch of ice in front of tenant's store in Davenport, Iowa, on or about January 9, 1962. See Meier v. Phillips, 256 Iowa 757, 129 N.W.2d 92.

The sole question presented by this appeal is whether there was sufficient evidence in the record to support a jury finding that the landlord had waived the indemnity provision in their written lease of August 11, 1955. The trial court, in overruling plaintiff's motion for judgment notwithstanding the verdict, held there was, and we agree.

Plaintiff's petition alleged a store-lease agreement between the parties, and a breach of the provision whereby the "Tenant agrees to keep the public and private sidewalk in front of said premises in a clean, safe condition, free from snow, sleet, or ice or other dangerous substances, and to hold the Landlord harmless for any damage to person or property due to Tenant's neglect to do any of these things." It further alleged an action for damages was brought against the landlord as a result of a fall on an ice patch in front of the tenant's premises, a tenant rejection of a due and timely request that it defend, and a resultant financial loss to plaintiff. Defendant's answer affirmatively alleged waiver of the above provision, pleaded estoppel, but did not dispute the expense involved resulting from the accident. The law involved herein is not greatly in dispute.

I. Waiver is everywhere defined as the intentional relinquishment of a known right. It may be shown by affirmative act of the party charged therewith, or it may be inferred from such conduct as warrants the conclusion that a waiver was intended. In other words, the intention, where the waiver is implied, is a matter of inference, to be drawn from the facts and circumstances relied upon to constitute the same. Currie v. Continental Casualty Co., 147 Iowa 281, 126 N.W. 164, 140 Am. St. Rep. 300; Pond v. Anderson, 241 Iowa 1038, 44 N.W.2d 372; Wisdom v. Board of Supervisors, 236 Iowa 669, 19 N.W.2d 602; Bankers Trust Co. v. Economy Coal Co., 224 Iowa 36, 43, 276 N.W. 16; North American Ginseng Co. v. Gilbertson, 200 Iowa 1349, 1352, 206 N.W. 610, 612; Williams v. Stroh Plumbing &

Electric, Inc., 250 Iowa 599, 602, 94 N.W.2d 750, 82 A. L. R. 2d 465, and citations; 92 C. J. S., Waiver, page 1048.

██ II. The issue of waiver of the written provision of the lease is an affirmative defense interposed by the defendant. Thus the burden of proving it by a preponderance of the evidence rests upon it. Williams v. Stroh Plumbing & Electric, Inc., supra.; Ford v. Ott, 186 Iowa 820, 834, 173 N.W. 121; 56 Am. Jur., Waiver, section 22; rule 344(f)5, Rules of Civil Procedure.

██ III. Where acts and conduct are relied upon as proof of waiver, the intention of the party charged to waive his rights must clearly appear. Williams v. Stroh Plumbing & Electric, Inc., supra, and citations. The issue of waiver where acts and conduct are relied upon is usually one of fact for the jury, although it is true occasionally where the evidence is not disputed the question becomes one of law for the court. Terry v. American Ins. Co., 202 Iowa 1291, 1298, 211 N.W. 716; Currie v. Continental Casualty Co., supra; 56 Am. Jur., Waiver, section 23; 31 C. J. S., Estoppel, section 163b, pages 463, 464. Under the evidence here presented we are not persuaded that it appears as a matter of law that plaintiff did or did not waive the indemnity provision in the lease. Under the facts and circumstances revealed in the record this issue was properly submitted to the jury.

IV. In ruling on plaintiff's motions to direct and for judgment, we must view the evidence in a light most favorable to defendant. Rule 344(f)2. So viewed, did the conduct of the landlord permit the inference that the landlord intended to and did take over complete control of the sidewalk in question, and did defendant reasonably recognize and rely thereon? We think it did, especially when the landlord did not request or demand that service by the tenant or communicate with it about a neglect of the contractual duty prior to the accident.

V. Subsequent to the execution of this lease and before the tenant took possession of the premises in April of 1957, the landlord installed a heating system of pipes imbedded in the 15-foot-wide sidewalk in front of this and other rental property throughout the entire block. It was designed to keep the sidewalk, most of which was covered by a canopy, clear of snow, sleet and ice. It has been so used and operated by the landlord since

its installation with success, and except for the one instance on January 9, 1962, when Frieda Meier slipped and fell on an icy spot about a foot or two in diameter, no one had seen icy patches on the walk in front of tenant's store, except near the street where city crews would sometimes push snow onto the walk as they cleaned the streets. There was testimony that when that occurred, the landlord's employees promptly cleaned it off.

From April 1957 until January 1962 the tenant had four store managers. Three of them testified they had nothing to do with the cleaning of the sidewalk in front of their store. The manager from April 1957 until August 1958 testified: "The Putnam Estate janitors took care of everything" and "During the time he was manager he never exerted any control over the cleaning of the sidewalks at any time, and he never received any communication from the landlord with respect to taking care of the sidewalks in front of the store." On cross-examination he said: "The Putnam janitors swept the dirt off the sidewalk and they had a hose out there every morning washing it off." He had never asked the landlord to turn on the heaters and thought "they had a man taking care of that."

The present defendant manager, in charge since 1961, testified the sidewalk heaters took care of the ice and snow very well, that the janitors of the Putnam Estate took care of the sidewalks in front of the store, and that except for the lobby entrance between their own show windows, the Kinney Company and its employees had nothing to do with the sidewalk in front of their store. It had a firm clean the windows and lobby areaway three days a week, but he did not know whether they swept on out to the street or not. Debris, such as papers, etc. found in the areaway, was usually picked up by defendant's employees and disposed of out back of the store.

It is true the defendant's manager told his employee to get some salt and put it on the spot where the Meier lady fell, but this thoughtful act standing alone does not compel a finding that defendant recognized or assumed the duty to remove such hazards on that sidewalk. That circumstance, of course, should be considered with all others to determine the intent of the parties as to whose duty it was to clean and care for that sidewalk.

We are satisfied there was ample evidence, if believed, to establish that during the entire period of the tenant's occupancy the landlord's employees took over the task of keeping the sidewalk clean, that they operated the heaters installed to remove snow, sleet and ice, and that the defendant relied upon that assumed duty by the landlord. There was no evidence that the landlord ever requested tenant compliance with the lease provision relating to care of the sidewalks. Indeed, the landlord's manager since 1960 testified that he had never communicated with anyone in the Kinney Company about that provision in the lease.

■■ VI. Appellant further contends the issue of waiver should not have been submitted because, inter alia, the elements of estoppel were missing, and there was no evidence of any false representation or concealment on the part of the defendant. We dealt with this contention in Pond v. Anderson, supra, 241 Iowa 1038, 1043, 44 N.W.2d 372, saying: "Waiver does not necessarily imply that the other party has been misled to his prejudice while estoppel involves this element." We explained that while waiver and estoppel are closely akin, they are not the same. Waiver is usually defined as the voluntary relinquishment of a known right. Thus, although there is a conflict on the question of consideration for waiver, "we have held and there is much authority that waiver is not a contract and that consideration such as is necessary to support a contract is not essential to waiver", citing Mahaska County State Bank v. Crist, 87 Iowa 415, 425, 54 N.W. 450; Schuetz v. International Harvester Co., 167 Iowa 634, 639, 149 N.W. 855, 857. We concluded in Pond that the affirmative defense of waiver pleaded by defendant raised a jury question and therefore plaintiff was not entitled to a directed verdict. That view is reaffirmed and is applicable here.

VII. The trial court told the jury the provision for tenant care of the sidewalk was for the benefit of the landlord and that it could be waived by the landlord, that to be effectual such waiver must "be made intentionally and with knowledge of the circumstances", that such waiver may be "implied from the acts of the parties", and that "If the person obligated by the contract to perform a certain duty does not perform the duty, relying upon the waiver of performance by the party to be benefited, the

party to be benefited will be estopped from taking advantage of the obligated party's failure to perform such duty." It further told the jury such waiver and any reliance thereon must be established by "a preponderance or greater weight of the evidence."

There were no objections to these instructions, and they are not detrimental to appellant. Since the jury's verdict is sustained by substantial evidence of waiver and reliance, as defined in the court's instructions, we must hold appellant's assignments are without merit and affirm the judgment in favor of defendant. —Affirmed.

All JUSTICES concur.