# IN THE COURT OF APPEALS OF IOWA

No. 15-0213
Filed December 23, 2015

**STANLEY R. WALK,**
     Plaintiff-Appellant,

**vs.**

**BOARD OF EDUCATION OF THE ST. ANGSAR**
**COMMUNITY SCHOOL DISTRICT,**
     Defendant-Appellee.
_____

Appeal from the Iowa District Court for Mitchell County, James M. Drew, Judge.

A former substitute bus driver appeals the district court's decision, which rejected his claim that he is entitled to a veterans preference hearing, pursuant to Iowa Code chapter 35C (2013), prior to his termination from the school district. **AFFIRMED.**

Judith O'Donohoe of Elwood, O'Donohoe, Braun, & White, L.L.P., Charles City, for appellant.

Jeffrey A. Krausman and Patrick E. Shanahan of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Stanley Walk worked as a part-time substitute school bus driver for the St. Ansgar School District during the 2012/2013 school year. A member of the public took a picture of Walk discharging children from the bus on January 3, 2013, while the bus's stop arm was not extended and the warning lights were not activated. The picture was provided to the school district superintendent, Jody Gray, who confirmed the violation by using the bus's security camera. After meeting with Gray and the school district's transportation director, Walk was discharged from his position on January 14, 2013, due to the violation.

On April 4, Walk wrote the school district a letter informing the school district he was a veteran and requesting a hearing pursuant to Iowa Code section 35C.6 (2013).[1] The school district responded that no such hearing was required because Walk was an at-will employee. However, ultimately a hearing was held before the school board on October 28, 2013, "to make a final decision on the termination of the employment of Stanley Walk as a substitute bus driver." The attorney for the school board, Patrick Rourick, confirmed that the hearing was

---

[1] This code provisions provides:

> No person holding a public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employee or appointee to a review by a writ of certiorari or at such person's election, to judicial review in accordance with the terms of the Iowa administrative procedure Act, chapter 17A, if that is otherwise applicable to their case.

Iowa Code § 35C.6.

being held pursuant to Iowa Code section 321.375,[2] not pursuant to the veterans preference statute. The board issued its decision the same day, finding: (1) Walk discharged students without engaging the warning lights or stop arm of the bus; (2) this was a violation of Kadyn's Law in Iowa Code section 321.372; (3) the failure to engage the warning lights and stop arm was a "significant mistake"; (4) the failure was not an intentional act; and (5) the provision of Walk's employment contract providing the driver can be dismissed at any time for failing to conform to all the laws of the State of Iowa was applicable in this case. The board then took a vote at which all members confirmed and upheld the superintendent's decision to terminate Walk from his employment.

On November 15, 2013, Walk filed an "appeal pursuant to section 35C.5" with the district court,[3] asking

> the court [to] hear this matter including any additional evidence which is necessary to complete the record and reinstate [Walk] in a bus driving position . . . for one or more of the following reasons: (1) a failure to terminate in accordance with the requirements of Chapter 35C from the substitute bus driving position; (2) a failure to hire Stanley R. Walk for a subsequently open full time and/or substitute bus driving position; and (3) for failing to generally follow

---

[2] This section provides, in part:

> 3. Any of the following shall constitute grounds for the immediate suspension from duties of a school bus driver, including a part-time or substitute bus driver, pending a termination hearing by the board of directors of a public school district or the authorities in charge in a nonpublic school, or pending confirmation of the grounds by the employer of the school bus driver if the employer is not a school district or accredited nonpublic school:
>
> . . . .
> d. The commission of or conviction for a public offense as defined by the Iowa criminal code, if the offense is relevant to and affects driving ability, . . . .

[3] We note Walk was terminated without a hearing on January 14, 2013, but he did not file a notice of appeal with the district court alleging his entitlement to a predischarge hearing until November 15, 2013. No party raised or addressed the timeliness of Walk's appeal to the district court; thus, we do not address it in this opinion.

the procedures and protections for Veterans set out in Chapter 35C in connection with either his termination, subsequent failure to rehire, or ultimate termination by virtue of the decision . . . .

The school district filed an answer denying Walk's claims and asserting a number of affirmative defenses. The court set a briefing schedule for the parties and held a hearing on November 10, 2014. In its written decision, filed January 7, 2015, the court found that while Walk is a veteran and covered by chapter 35C in his work as a part-time substitute bus driver, the contract Walk signed contained provisions that were incompatible with the protections contained in section 35C.6, and thus, Walk waived the veterans preference statute when he signed the contract.[4]

Walk filed a notice of appeal, claiming it was an error for the district court not to remand the case to the school board so the school board could hold a hearing pursuant to section 35C.6. Walk maintains that without information about the execution of the 2012/2013 bus driving contract, it is impossible for the school board to sustain its burden of proof on its claim that the contract waived Walk's veterans preference rights. In addition, assuming we agree the case should be remanded to the school board, Walk asks that we direct the hearing to include a calculation of monetary damages for the delay in holding the predischarge hearing under section 35C.6.

Because the case was decided at law, our review is for the correction of errors at law. *See* Iowa R. App. P. 6.907. The employment contract Walk signed for the 2012/2013 school year stated, "Employment of employee is 'at-will.'

---

[4] The court also concluded, pursuant to section 35C.5, Walk failed to timely appeal the school district's refusal to rehire him for open bus driving positions. Walk does not contest this finding on appeal.

Either party may terminate this contract by giving two weeks written notice." In addition, the contract provided,

> The district may terminate this contract and dismiss the employee at any time for failure to conform to all laws of the State of Iowa and rules promulgated by the Iowa Department of Education applicable to drivers of school buses; provided, however, this provision shall not limit the right of the district to otherwise terminate this contract.

In contrast, Iowa Code section 35C.6, provides,

> No person holding a public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted, *shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges*, and with the right of such employee or appointee to a review by a writ of certiorari or at such person's election, to judicial review in accordance with the terms of the Iowa administrative procedure Act, chapter 17A, if that is otherwise applicable to their case.

(Emphasis added.) Under the employment contract, Walk agreed he could be terminated at any time based on a failure to conform to the laws of the State of Iowa. However, under section 35C.6, Walk, as a veteran, was provided with the protection to be terminated only for incompetency or misconduct and only after he was given a hearing. We agree with the district court that these provisions are incompatible and cannot be incorporated into the other—either Walk can be terminated at any time due to a violation of the laws of the State under the employment contract or Walk can only be terminated after a hearing where it is proved he is incompetent or committed misconduct under the veterans preference statute.

The protections under the veterans preference statute are waivable. *Halsrud v. Brodale*, 72 N.W.2d 94, 99 (Iowa 1955) ("That rights that might

otherwise exist may be waived cannot be seriously disputed; and this seems especially clear when the waiver is by written contract. This is true even when the rights are granted by statute, unless the statute is intended to protect the general rights of the public rather than private rights."); *see also Cont'l Cas. Co. v. G.R. Kinney Co.*, 140 N.W.2d 129, 130 (Iowa 1966) ("Waiver is everywhere defined as the intentional relinquishment of a known right. It may be shown by affirmative act of the party charged therewith, or it may be inferred from such conduct as warrants the conclusion that a waiver was intended.").

Walk signed the employment contract agreeing to the terms, which included the termination provisions. *Sorenson v. Andrews*, 264 N.W. 562, 566 (Iowa 1936) (noting the "Soliders' Preference Act," which provided the solider could only be discharged for incompetence or misconduct after a hearing, did not prevent courthouse custodian from being discharged after his one-year contract expired). "One who makes a written offer which is accepted, or who manifests acceptance of the terms of a writing which he should reasonably understand to be an offer or proposed contract, is bound by the contract, though ignorant of the terms of the writing or of its proper interpretation." *Durst v. Bd. of Dirs. Of Gaza Consol. Sch.*, 292 N.W. 73, 76 (Iowa 1940) (finding school janitor executed a contract for one year and thus was not entitled to the protections from discharge in the "Soldiers' Preference Law" at the end of the one-year term).

We agree with the district court that Walk waived the veterans preference statute's protections regarding discharge when he entered into a contract that contained provisions that were contrary to the statutory terms. No further hearing in front of the school board is necessary to flesh out the nature of the

employment contract or the waiver of the veterans preference statute provisions regarding discharge, as Walk requests on appeal. We also need not address Walk's second claim on appeal regarding a remand for calculation of monetary damages.

We affirm the district court's decision.

**AFFIRMED.**